NOTICE OF REMOVAL

EXHIBIT A

**Certified Copy of State Court File**
**Circuit Court of Harrison County, Mississippi**
**Second Judicial District**
**Case No. A2402-17-30**

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

SECOND JUDICIAL DISTRICT

STARR SWEARINGGEN WANECK; AND
JIMMY LEE WANECK                                        PLAINTIFFS

VERSUS                                                 CAUSE NO.  A2402-17-30

CSX CORPORATION; CSX
TRANSPORTATION INC; ECHO
TRANSPORTATION SOLUTIONS, LLC;
TBL GROUP, INC; JOHN DOE; and
A, B, and C, being those unknown individuals,
Partnerships, corporations, or other entities
Whether singular or plural whose negligence
Caused or contributed to the accident made the
Basis of this suit                                     DEFENDANTS

## CLERK'S CERTIFICATE

**STATE OF MISSISSIPPI**
**COUNTY OF HARRISON**

   I, Connie Ladner, the duly elected, qualified and acting Circuit Clerk of Harrison County,

Mississippi, do hereby certify that the foregoing pages are and constitute a true and correct copy

of the proceedings in regard to the above-entitled case.

1.  Complaint in case A 2402-17-30, Starr Swearinggen Waneck and Jimmy Lee Waneck vs

   CSX Corporation; CSX Transportation Inc; Echo Transportation Solutions, LLC, TBL

   Group, Inc, John Doe and A,B. and C, being those unknown individuals, partnerships,

   corporations, or other entities whether singular or plural whose negligence caused or

   contributed to the accident made the basis of this suit filed March 10, 2017;

2.  Summons issued to CSX CORPORATION on March 10, 2017;

3.  Summons issued to CSX TRANSPORTATION INC. on March 10, 2017;

4.     Summons issued to ECHO TRANSPORTATION SOLUTIONS, LLC on March 10, 2017;

5.     Summons issued to TBL GROUP, INC. on March 10, 2017;

6.     Receipt from Circuit Court for filing fee;

7.     FIRST AMENDED COMPLAINT filed March 20, 2017;

8.     Summons issued to CSX Corporation on March 22, 2017;

9.     Summons issued to CSX Transportation Inc.on March 22, 2017;

10.     Summons issued to Diamond Tours, Inc. on March 22, 2017;

11.     Summons issued to ECHO Transportation Solutions, LLC on March 22, 2017;

12.     Summons issued to Louis Ambrose, Jr. on March 22, 2017;

13.     Summons issued to TBL Group, Inc. on March 22, 2017;

14.     Summons Return on Diamond Tours, Inc., First Class Mail and  Return Receipt Signed March 29, 2017;

15.     Summons Return on CSX Corporation, First Class Mail and return receipt signed March 31, 2017;

16.     Summons Return on CSX Transportation, Inc. , First Class Mail and return receipt signed March 29, 2017;

17.     Summons Return on Echo Transportation Solutions, LLL, First Class Mail and return receipt signed March 30, 2017;

18.     Summons Return on Louis Ambrose, Jr., First Class Mail and copy of USPS Tracking Results  showing Delivered March 30, 2017;

19.     Summons return on TBL Group, Inc., First Class Mail and return receipt signed March 30, 2017;

20.    Notice of Service by Plaintiffs of Verified Applications of Robert L. Pottroff and Nathan L. Karkin for Admission Pro Hac Vice filed April 6, 2017;

21.    Amended Notice of Service of Plaintiffs of Verified Applications of Application of Robert L. Pottroff and Nathan L. Karkin for Admission Pro Hac Vice on April 6, 2017.

**GIVEN UNDER MY HAND, AND OFFICIAL SEAL OF OFFICE,** this the __10__ day of ____April____, 2017.

(SEAL)

CIRCUIT CLERK FOR THE SECOND
JUDICIAL DISTRICT OF HARRISON
COUNTY, MISSISSIPPI

By: _____
      Connie Ladner, Circuit Clerk

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

STARR SWEARINGGEN WANECK; and )
JIMMY LEE WANECK )
     )
    **Plaintiff,** )
     )
**v.** )
     )
**CSX CORPORATION; CSX** )
**TRANSPORTATION INC.; ECHO** )
**TRANSPORTATION SOLUTIONS, LLC;** )
**TBL GROUP, INC.; JOHN DOE; and** )
**A, B,** and **C,** being those unknown individuals, )
partnerships, corporations, or other entities )
whether singular or plural whose negligence )
caused or contributed to the accident made the )
basis of this suit )
     )
    **Defendants.** )

```
F I L E D
MAR 1 0 2017
CONNIE LADNER
CIRCUIT CLERK
BY: _____ .D.C.
```

CASE NO. A2402·17·30

**JURY TRIAL DEMANDED**

---

### COMPLAINT

---

COME NOW, Plaintiffs, Starr Waneck and Jimmy Lee Waneck, by and through their attorneys, bring this Complaint, and for such cause of action would respectfully show as follows:

### I.    **PARTIES**

**PLAINTIFF**

1.    Plaintiff Starr Swearingen Waneck, is an individual and resident of the State of Texas.  Starr Swearingen Waneck was a passenger on the Charter Bus involved

in this Collision and the wife of Jimmy Lee Waneck.

2.      Plaintiff Jimmy Lee Waneck, is an individual and resident of the State of Texas. Jimmy Lee Waneck is the husband of Starr Swearingen Waneck

3.      All the above identified Plaintiffs will hereinafter be referred to collectively as "Plaintiffs" throughout the remainder of this document. Each reference to "Plaintiffs" or allegation by "Plaintiffs" shall include each of the above Plaintiffs as if each Plaintiff was individually referenced or each allegation was made by each Plaintiff.

**DEFENDANTS**

4.      Defendant CSX Corporation is a for-profit Virginia corporation duly organized and existing under the laws of the State of Virginia, with its principal place of business in the State of Florida. Defendant CSX Corporation can be served with process through its registered agent: C.T, Corporation System, 4701 Cox Rd., Suite 285, Glen Allen, Virginia 23060.

5.      Defendant CSX Transportation Inc. is a railroad subsidiary of Defendant CSX Corporation and is for-profit Virginia corporation duly organized and existing under the laws of the State of Virginia, and doing substantial business in Harrison County, Mississippi.  CSX Transportation Inc. can be served with process through its registered agent: C.T. Corporation System, 645 Lakeland East Drive Ste. 101, Flowood, Mississippi 39232.

6.      CSX Corporation and CSX Transportation, Inc. (hereinafter collectively referred to as "CSX" or "Defendant Railroad"), by and through their railroad interests, own railroad tracks and conducts business in Harrison County, Mississippi by dispatching

trains into and through Harrison County, Mississippi. The train and railroad-highway grade crossing where the collision that is subject to this litigation occurred is owned by CSX.

7.     At all times pertinent hereto, all employees of CSX were acting in their individual capacity and also as agents of CSX, within the scope of their employment and authority, and in the furtherance of the business of CSX. All the acts and omissions of the employees of CSX are imputed to their employer, who is liable for such acts and omissions, as well as rendering the individual Defendant liable in their individual capacities.

8.     Defendant Echo Transportation Solutions, LLC is a for-profit Texas corporation duly organized and existing under the laws of the State of Texas, and doing substantial business in Harrison County, Mississippi. Defendant Echo Transportation Solutions, LLC can be served with process through its registered agent: Elisa C. Fox, Decker Jones, 801 Cherry Street, Suite 2000, Ft. Worth, Texas 76102.

9.     Defendant TBL Group, Inc. is a for-profit Texas corporation duly organized and existing under the laws of the State of Texas, and doing substantial business in Harrison County, Mississippi. Defendant TBL Group, Inc. is the parent company to Echo Transportation Solutions, LLC (hereinafter collectively referred to as "Echo") and can be served with process through its registered agent: Elisa C. Fox, 801 Cherry Street, Suite 2000, Ft. Worth, Texas 76102.

10.     Defendant John Doe, was the driver of the Charter Bus involved in the collision giving rise to this litigation. Plaintiffs have sought, but at this time are unable to

obtain the identity of John Doe.   John Doe is believed to be employed by Echo Transportation Solutions, LLC and a resident of Texas.

11.     Defendant Diamond Tours Inc. (hereinafter "Diamond") is a for-profit Florida corporation with its principal place of business in Fort Meyers, Florida.  Diamond can be served with process through its registered agent: E. Murray Moore Jr., 215 S. Monroe Street, Suite 200, Tallahassee, Florida 32302.

12.     The Fictitious Defendants **A, B,** and **C,** are those unknown individuals, partnerships, corporations, or other entities whether singular or plural whose negligence caused the accident made the basis of this lawsuit.

## II.    JURISDICTION AND VENUE

13.     The Collision giving rise to this litigation occurred in Harrison County, Mississippi.

14.     This Court has jurisdiction over this matter as a court of original jurisdiction in the State of Mississippi for personal injury matters such as what is pleaded herein.

15.     Venue is proper in the Circuit Court for Harrison County, Mississippi.

16.     Pursuant to 49 U.S.C. § 20106, this case was appropriately brought in state court rather than federal court.  Plaintiffs reserve the right to amend this Petition as needed to further establish why this case was appropriately brought in the Circuit Court of Harrison County, Mississippi.  All allegations herein related to Defendant Railroad are based upon and should be interpreted to state causes of action seeking damages under state law for personal injury or property damage, based upon one or more of the

following:

    a.  Defendant Railroad has failed to comply with the Federal standard of care established by a regulations or orders issued by the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), covering the subject matter as provided in subsection (a) of 49 U.S.C. § 20106;

    b.  Defendant Railroad has failed to comply with its own plans, rules, or standards that defendant railroad created pursuant to a regulation or order issued by either of the Secretaries; or

    c.  Defendant Railroad has failed to comply with State laws, regulations, and orders that are not incompatible with subsection (a)(2) of 49 U.S.C. § 20106.

17.    All allegations set forth in this Complaint are based upon information and belief.

18.    All allegations set forth in each of the paragraphs in this Complaint are incorporated by reference into each of the other sections and paragraphs contained in this Complaint, as if fully set forth therein.

## III.   FACTS AND ALLEGATIONS

19.    On Wednesday, March 7, 2017, Plaintiff Starr Swearingen Waneck was riding as a passenger on a Charter Bus that was traveling from Austin, Texas, through Harrison County, Mississippi (hereinafter "Charter Bus"). The Charter Bus was transporting passengers to several casinos in the southern Mississippi and Louisiana region.

20.    All occupants of the vehicle were paying customers and enroute to the Boomtown Casino in Biloxi, Mississippi. The trip was planned by Diamond. During the trip, the Charter Bus was traveling north on Main Street in Biloxi, Mississippi.

21.    The Charter Bus is owned and operated by Echo Transportation Solutions LLC, a subsidiary of the TBL Group, Inc. and was being driven by John Doe, an employee of Echo.

22.    Main Street is a pubic two-lane asphalt road running generally in a north-south direction.  Main Street is intersected by CSX railroad tracks running east-west just north of the Main Street and Esters Boulevard South intersection and just south of the Main Street and Esters Boulevard North intersection.

23.    As the Charter Bus was traveling north on Main Street in Biloxi, Mississippi it encountered the CSX railroad-highway grade crossing, identified as U.S. DOT # 340185W (hereinafter "Main Street Crossing" or "this crossing").

24.    The Main Street Crossing is a dangerous and severely inclined or "humped" crossing.  The Main Street Crossing consists of several layers of asphalt patches.  These asphalt patches create a steep inclined or hump.  This hump has been created and gradually grown overtime by automated CSX railroad maintenance practices.

25.    Prior to March 7, 2017, there have been sixteen accidents at this crossing. Several of those prior accidents have involved motorists either stuck or stopped on the Main Street Crossing.  In the most recent accident at this crossing, just months prior to this accident, a CSX train hit a Pepsi truck that became lodged on the Main Street Crossing.

26.    As the Charter Bus began to traverse the crossing, it became high-centered and lodged on the Main Street Crossing.  John Doe was unable to dislodge the Charter Bus from the Main Street Crossing.

27.     After several minutes of being stuck on the crossing, passengers began to evacuate the Charter Bus.

28.     At about the same time, a CSX freight train (hereinafter "Accident Train") was traveling in a generally eastbound direction and barreling down on the Main Street Crossing. Despite straight railroad tracks for over 5 miles on approach to the Main Street Crossing, the CSX train crew failed to apply the brakes or put the train into emergency until the train was approximately 500 feet from the intersection.

29.     As a result, the CSX train failed to stop prior to the crossing, violently colliding with the Charter Bus (hereinafter the "Collision").

30.     The Collision caused numerous fatalities and life-altering injuries to passengers on the Charter Bus, including Plaintiff, Starr Swearingen Waneck.

## COUNT ONE
## GENERAL LIABILITY ISSUES COMMON TO ALL DEFENDANTS

31.     Plaintiffs, restate and reallege each and every other paragraph (and subparagraph) of this Complaint, including those paragraphs appearing above and below, and by this reference incorporate the same as though fully set forth herein.

32.     Defendants have a duty to exercise reasonable care to avoid injuring or killing members of the public. In this case Defendants breached their duty by failing to exercise reasonable care.

33.     As a direct and proximate result of the Defendants' breach of this duty, Plaintiffs suffered damages, as alleged herein. All acts or omissions of Defendants constitute negligence, gross negligence, negligence *per se*, willful and wanton conduct,

recklessness, intentional conduct, and demonstrate a reckless and intentional disregard for the safety of the traveling public.

WHEREFORE, Plaintiffs demand judgment against Defendants for a just and adequate amount of damages plus costs.

## COUNT TWO
## NEGLIGENCE AND GROSS NEGLIGENCE OF CSX

34.     Plaintiffs, restate and reallege each and every other paragraph (and subparagraph) of this Complaint, including those paragraphs appearing above and below, and by this reference incorporate the same as though fully set forth herein.

TRAIN OPERATIONS

35.     CSX had a duty to operate the train at a speed for the then existing conditions and be prepared to slow or stop for any hazardous conditions.

36.     The Collision described in this Complaint is a direct and proximate result of the negligence and/or gross negligence of Defendant Railroad in the following respects, namely:

a)  Failing to keep a proper lookout prior to the Collision;

b)  Failing to take reasonable precautions to protect the Main Street Crossing before the train fully occupied the crossing;

c)  Failing to travel at a speed that allowed the train to stop in time to avoid the Collision;

d)  Failing to slow or stop the train to avoid "a specific, individual hazard" at the Main Street Crossing prior to the Collision and/or failing to approach the Main Street Crossing prepared to stop due to "an essentially local safety hazard;"

e)  Failing to instruct its train crews on the appropriate circumstances under which they should be prepared to brake, slow, or stop the train for safety hazards at

railroad crossings;

f) Failing to be prepared to brake, slow, or stop for motorists at the Main Street Crossing.

37.     Plaintiffs are not making any claim for excessive speed based on "a specific individual hazard" or "an essentially local safety hazard." The claims based on "a specific individual hazard" and "an essentially local safety hazard" should not be interpreted as anything but the failure to, or the failure to be prepared to, slow the train, apply the brakes, or stop the train.

38.     Defendant Railroad has also condoned its employees' failure to modify train operations to account for hazards at railroad crossings and has adopted a routine practice of ignoring hazards to the motoring public. This intentional indifference to the safety of Plaintiff and the motoring public was one of the contributing factors that caused this Collision.

**FAILURE TO INSPECT AND REPAIR UNSAFE CROSSING**

39.     Regulations specify many duties Defendant Railroad has in connection with the crossing, track and surrounding appurtenances. Those duties include, but are not limited to, the following:

a) The duty to inspect the crossing, track and surrounding appurtenances pursuant to 49 C.F.R. §§ 213.233, 213.237, 213.233 and associated sections;

b) The duty to designate qualified persons to inspect track for defects pursuant to 49 C.F.R. § 213.7(b);

c) The duty to immediately prepare and maintain a record of each inspection of its track to specify the track inspected, date of inspection, location and nature of any defects and identifying the appropriate remedial for such defects all pursuant to 49 C.F.R. § 213.241 and its own rules;

d) The duty to immediately bring its track into compliance with track safety standards or halt operations over that track pursuant to 49 C.F.R. § 213.5.

40.    The Collision described in this Complaint is a direct and proximate result of the negligence and/or gross negligence of Defendant Railroad in the following respects, namely:

a) Failing to properly inspect, maintain and repair the Main Street Crossing;

b) Failing to properly identify, document, report, or repair the hazardous track and crossing conditions described herein;

c) In routinely ignoring the hazardous conditions posed by the Main Street Crossing;

d) Allowing these hazardous conditions to exist in direct violations of the code of Federal Regulations and Defendant Railroad's rules created pursuant to such regulations.

41.    The hazardous track and crossing conditions described herein were not properly identified, documented, reported or repaired by Defendant Railroad and its employees. Instead these hazardous conditions were allowed to exist as a direct violation of the Code of Federal Regulations and CSX's own rules created pursuant to such regulations. Defendant Railroad knew or should have known that the existence of these hazardous conditions created an unsafe crossing in violation of these rules and regulations.

42.    Many factors have combined to render this crossing unsafe for motorists. This combination of track conditions required remedial action to allow for safe operations over this crossing by motorists and railroad traffic. If Defendant Railroad would have properly conducted track inspections at this crossing, the hazardous conditions at this

crossing would have been identified and remedial action taken long before this accident, thereby preventing this collision.

**UNSAFE CROSSING CONDITIONS**

43.     The Collision described in this Complaint is a direct and proximate result of the negligence of the Defendant Railroad, which allowed maintenance activities at the Main Street Crossing to alter the vertical alignment of the crossing and its approaches, thereby creating a severe incline or "hump."

44.     This maintenance practice resulted in a hump that violated the law, industry standards and CSX's own rules.   The humped condition rendered the Main Street Crossing unsafe for motorists and extra-hazardous, ultra-hazardous, and unusually dangerous.

45.     Although there are many problems that are caused by the complex crossing characteristics of this crossing, Plaintiffs are not making any claim based upon anything inappropriate concerning the design or construction of the railroad track.   These allegations assert that this crossing was not properly maintained and should not be interpreted as anything but improper maintenance issues.

**FAILURE TO REPORT UNSAFE CONDITIONS**

46.     CSX has a duty to inspect, report, and repair unsafe conditions at the Main Street Crossing.

47.     The Collision described in this Complaint is a direct and proximate result of the negligence of the Defendant Railroad, as follows:

a) Failing to correct or accommodate for the hazardous characteristics and

conditions at the Main Street Crossing;

b) Condoning its employee's failure to report these unsafe crossing conditions and characteristics;

c) Failing to require its employees to report unsafe conditions at the Main Street Crossing, in violation of Defendant Railroad's Operating Rules and federal regulations which require Defendant Railroad to instruct its employees to comply with its operating rules.

d) Failing to properly warn the CSX train of the problems the Charter Bus was having in navigating across the Main Street Crossing;

e) Failing to have adequate and reasonable safeguards in place for the movement of the Charter Bus over the Main Street Crossing;

f) Failing to timely respond to calls concerning the problems the Charter Bus was having in navigating over the Main Street Crossing;

g) Failing to properly staff its dispatch center to answer calls from the 1-800 number at the Main Street Crossing;

h) Failing to instruct, notify, or warn the CSX train crew of the Charter Bus at the Main Street Crossing;

i) It was otherwise careless and negligent and/or grossly negligent as such facts are discovered during discovery in this litigation.

48.    Defendant Railroad has actual or constructive knowledge that the severe non-compliant hump rendered this crossing more complex and more hazardous for motorists. Instead of correcting or accommodating for these hazardous characteristic and condition, Defendant Railroad elected to ignore its existence. As a result, its employees are aware that CSX does not want them to report hazardous conditions that are known to make crossings like this unsafe. It is the routine practice of Defendant Railroad to condone its employee's failure to report these unsafe crossing characteristics and conditions. Defendant Railroad knew, or should have known, that this failure to report

and address unsafe crossing characteristics and conditions, would result in unnecessary loss of life and injuries.

49.     As a direct and proximate result of the Defendants' breach of this duty, Plaintiffs suffered damages, as alleged in this Complaint.   All acts or omissions of Defendants constitute negligence, gross negligence, negligence *per se*, willful and wanton conduct, recklessness, intentional conduct, and demonstrate a reckless and intentional disregard for the safety of the traveling public.

WHEREFORE, Plaintiffs demand judgment against Defendants for a just and adequate amount of actual damages, punitive damages, costs incurred herein together with prejudgment and post-judgment interest, and other relief as the Court deems just and proper.

**COUNT TWO**
**NEGLIGENCE AND GROSS NEGLIGENCE OF ECHO, DIAMOND,
AND JOHN DOE**

50.     Plaintiffs, restate and reallege each and every other paragraph (and subparagraph) of this Complaint, including those paragraphs appearing above and below, and by this reference incorporate the same as though fully set forth herein.

51.     Echo, Diamond, and John Doe had a duty to exercise a high degree of care towards its passengers, including Plaintiff, Starr Swearingen Waneck.

52.     The Collision described in this Complaint is a direct and proximate result of the negligence and/or gross negligence of Echo and John Doe in the following respects, namely:

a) Failing to keep and maintain a reasonably careful and proper lookout in the

Charter Bus's direction of travel;

b) Failing to keep the Charter Bus under reasonable and proper control;

c) Failing to timely notify CSX that the Charter Bus was stuck on the Main Street Crossing;

d) Failing to properly plan the route for the Charter Bus, causing it to become stuck on the Main Street Crossing;

e) Failing to abide and observe railroad signs and signals;

f) Failing to yield the right of way to the path and direction of travel of the CSX train;

g) Failing to operate the Charter Bus with due caution so as not to impair or restrict proper operation of the vehicle, in violation Mississippi Regulations, Miss. Code, Title 63 *et seq.*;

h) Failing to use reasonable care to ensure that the Charter Bus could safely traverse the Main Street Crossing, in violation Mississippi Regulations, Miss. Code, Title 63 *et seq.*;

i) Failing to ensure the Charter Bus could cross the Main Street Crossing safely without changing gears, in violation Mississippi Regulations, Miss. Code, Title 63 *et seq.*; and

j) Approaching and entering the Main Street Crossing without first seeing and ascertaining that such movement could be made safely, in violation Mississippi Regulations, Miss. Code, Title 63 *et seq.*

53.   It was otherwise careless and negligent and/or grossly negligent as such facts are discovered during discovery in this litigation.

54.   As a direct and proximate result of the Defendants' breach of this duty, Plaintiffs suffered damages, as alleged in this Complaint.  All acts or omissions of Defendants constitute negligence, gross negligence, negligence *per se*, willful and wanton conduct, recklessness, intentional conduct, and demonstrate a reckless and

intentional disregard for the safety of the traveling public.

WHEREFORE, Plaintiffs demand judgment against Defendants for a just and adequate amount of actual damages, punitive damages, costs incurred herein together with prejudgment and post-judgment interest, and other relief as the Court deems just and proper.

**COUNT THREE**
**INTENTIONAL DISREGARD FOR PUBLIC SAFETY TO ALL DEFENDANTS**

55.      Plaintiff, restates and realleges each and every other paragraph (and subparagraph) of this Complaint, including those paragraphs appearing above and below, and by this reference incorporate the same as though fully set forth herein.

56.      Defendants' customs, policies and conduct in all of the aforementioned allegations were willful and wanton, and demonstrated a reckless disregard for the safety of the motoring public.  Specifically, Defendant Railroad has intentionally elected to disregard legal duties owed to the traveling public.

57.      Defendants have demonstrated a pattern of conduct by failing to enforce its own policies and procedures as well as federal and state laws providing for the safe operation of trains and commercial passenger vehicles.  This pattern of conduct has condoned and ratified the conduct of its employees and agents to disregard duties owed to the traveling public.

58.      Defendant Railroad has made a deliberate decision that it will be cheaper to pay compensatory damages for claims resulting from train collisions than to properly maintain its crossings and dispatch systems. Defendant Railroad's conduct as set forth

herein constitutes malice.

59.   As a direct and proximate result of the Defendants' willful and wanton breach of this duty, Plaintiffs suffered damages, as alleged in this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendants for a just and adequate amount of actual damages, punitive damages, costs incurred herein together with prejudgment and post-judgment interest, and other relief as the Court deems just and proper.

## IV.   DAMAGES

60.   Plaintiffs, restate and reallege each and every other paragraph (and subparagraph) of this Complaint, including those paragraphs appearing above and below, and by this reference incorporate the same as though fully set forth herein.

61.   That as a direct and proximate result of the aforesaid acts and omissions of the Defendants, jointly and severally, Plaintiff, Starr Swearingen Waneck, was seriously injured as a result of blunt force trauma..

62.   That as a direct and proximate result of the Defendants' negligence, gross negligence, negligence *per se*, recklessness, and/or wrongful acts, as set forth hereinabove, Plaintiff, Starr Swearingen Waneck suffered severe, permanent and long-lasting injuries both economic and non-economic, including as follows:

a) The reasonable, usual and customary cost of the past, present and future medical care rendered to Plaintiff;

b) The increased living and medical expenses caused by the injuries suffered as a result of the Collision, including, but not limited to, the amount of increased expenses as determined by a life care planner, physician or economist;

c) Lost wages and future earnings capacity;

d) Past, present and future physical and mental pain and suffering;

e) An orbital fracture, fractured jaw, facial scarring and traumatic brain injury.

f) Past, present and future loss of enjoyment of life;

g) Past, present and future loss of function of the body and mind;

h) Past, present and future disability and psychological injuries;

i) Past, present and future pain and suffering, disfigurement, inconvenience and loss of time;

j) Property damage;

k) Loss of consortium; and,

l) In other respects as may be revealed through discovery or at trial.

63.     That as a direct and proximate result of the Defendants' negligence, gross negligence, negligence *per se*, recklessness, and/or wrongful acts, as set forth hereinabove, Plaintiff, Jimmy Lee Waneck,  has been caused to lose the society, companionship, love and affection of Starr Swearingen Waneck, the loss of aide, services and physical assistance provided by Starr Swearingen Waneck, and the loss of participation together in the activities, duties and respnsiblilities of making a home with Starr Swearingen Waneck.

64.     The negligence, gross negligence, negligence *per se*, willful and wanton conduct, recklessness, intentional conduct, and reckless and intentional disregard for the safety of the traveling public, of each of the Defendants, jointly and severally, as described hereinabove, was a direct and proximate cause of the Plaintiffs' injuries and

damages hereinabove alleged.

## V.      DEMAND FOR JURY TRIAL AND RIGHT TO AMEND

65.    Plaintiffs demand a trial by jury on all causes of action.

66.    Plaintiffs specifically reserve the right to amend this Complaint.

## VI.    PRAYER

WHEREFORE, Plaintiffs pray for judgment against the Defendants, jointly and severally, in a fair and reasonable sum for compensatory damages, punitive damages, costs incurred and expended herein, and attorneys' fees as allowed by law, together with prejudgment and post-judgment interest, and other relief as the Court deems just and proper.

Respectfully submitted:

BURNS, CUNNINGHAM & MACKEY, P.C.

William M. Cunningham, Jr. (99879)
Troy T. Schwant (100394)
Post Office Box 1583
Mobile, Alabama 36633
Telephone: (251) 432-0612
Facsimile: (251) 432-0625
Email: wmcunningham@bcmlawyers.com
         tschwant@bcmlawyers.com

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS**:

CSX CORPORATION
c/o C.T, Corporation System, Registered Agent
4701 Cox Rd., Suite 285,
Glen Allen, Virginia 23060

CSX TRANSPORTATION INC.
c/o C.T. Corporation System, Registered Agent
645 Lakeland East Drive Ste 101,
Flowood, Mississippi 39232

ECHO TRANSPORTATION SOLUTIONS, LLC
c/o Elisa C. Fox, Registered Agent
Decker Jones,
801 Cherry Street, Suite 2000
Ft. Worth, Texas 76102

TBL GROUP, INC.
c/o Elisa C. Fox, Registered Agent
Decker Jones,
801 Cherry Street, Suite 2000
Ft. Worth, Texas 76102

LPB

**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party*
*Prior to Filing of Pleading)*

Mississippi Supreme Court
Administrative Office of Courts

Form AOC/01
(Revised 1/1/2001)

| Court Identification | Case Year | Docket Number |
|---|---|---|
| Docket Number | | |
| 2 4 1 2 C H | 2 0 1 7 | 0 0   0 3 0 |
| County # / Judicial / Court ID / District (CH, Ci, CO) | | Local Docket ID |
| 0 3 1 0 1 7 | | |
| Month / Date / Year | | |
| This area to be completed by clerk | | Case Number if filed prior to 1/1/94 |

IN THE ___CIRCUIT___ COURT OF ___HARRISON___ COUNTY

Short Style of Case: ___STARR SWEARINGEN WANECK, ET AL. v. CSX CORPORATION; ET AL.___

Party Filing Initial Pleading: Type/Print Name ___William M. Cunningham, Jr.___   MS Bar No. ___99879___

___ Check (✓) if Not an Attorney   ___ Check (✓) if Pro Hac Vice   Signature _____

Compensatory Damages Sought: $ _____   Punitive Damages Sought: $ _____

**Is Child Support contemplated as an issue in this suit?** ___ Yes ✓ No   If "yes" is checked, please submit a completed Child Support Information Sheet with Final Decree/Judgment

PLAINTIFF - PARTY(IES) INITIALLY BRINGING SUIT SHOULD BE ENTERED FIRST (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL PLAINTIFFS ON SEPARATE FORM

Individual ___WANECK___   ___STARR___   ( ___SWEARINGEN___ )
Last Name   First Name   Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

Address of Plaintiff ___3051 S. Hwy 304, Rosanky, Texas 78953___

___ Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency _____

Business _____
Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___ Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A: _____

DEFENDANT - NAME OF DEFENDANT (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL DEFENDANTS ON SEPARATE FORM

Individual _____   _____   ( _____ )
Last Name   First Name   Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency _____

Business ___CSX CORPORATION - Incorporated in Virginia___
Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___ Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
D/B/A: _____

ATTORNEY FOR THIS DEFENDANT: ___ Bar No.   or   Name: _____   Pro Hac Vice (✓) ___
(if known)

*In left hand column, check one (1) box that best describes the nature of this suit. In right hand column check all boxes which indicate secondary claims.*

**Business/Commercial**
- Accounting (Business)
- Bankruptcy
- Business Dissolution - Corporation
- Business Dissolution - Partnership
- Debt Collection
- Employment
- Examination of Debtor
- Execution
- Foreign Judgment
- Garnishment
- Pension
- Receivership
- Replevin
- Stockholder Suit
- Other

**Domestic Relations**
- Child Custody/Visitation
- Child Support
- Contempt
- Divorce: Fault
- Divorce: Irreconcilable Differences
- Domestic Abuse
- Emancipation
- Modification
- Paternity
- Property Division
- Separate Maintenance
- Termination of Parental Rights
- UIFSA (formerly URESA)
- Other

**Contract**
- Breach of Contract
- Installment Contract
- Insurance
- Product Liability under Contract
- Specific Performance
- Other

**Probate**
- Accounting (Probate)
- Birth Certificate Correction
- Commitment
- Conservatorship
- Guardianship
- Heirship
- Intestate Estate
- Minor's Settlement
- Muniment of Title
- Name Change
- Power of Attorney
- Testate Estate
- Will Contest
- Other

**Statutes/Rules**
- Bond Validation
- Civil Forfeiture
- Declaratory Judgment
- ERISA
- Eminent Domain
- Extraordinary Writ
- Federal Statutes
- Injunction or Restraining Order
- Municipal Annexation
- Racketeering (RICO)
- Railroad
- Seaman
- Other

**Appeals**
- Administrative Agency
- County Court
- Hardship Petition (Driver License)
- Justice Court
- MS Employmt Security Commn
- Municipal Court
- Oil & Gas Board
- Workers' Compensation
- Other

**Children and Minors - Non-Domestic**
- Adoption - Noncontested
- Consent to Abortion for Minor
- Removal of Minority
- Other

**Torts-Personal Injury**
- Bad Faith
- Fraud
- Loss of Consortium
- Malpractice - Legal
- Malpractice - Medical
- Negligence - General
- ✓ Negligence - Motor Vehicle
- Products Liability
- Wrongful Death
- Other

**Mass Tort**
- Asbestos
- Chemical Spill
- Dioxin
- Hand/Arm Vibration
- Hearing Loss
- Radioactive Materials
- Other

**Real Property**
- Adverse Possession
- Ejectment
- Eminent Domain
- Judicial Foreclosure
- Lien Assertion
- Partition
- Receiver Appointment
- Tax Sale: Confirmation/Cancellation
- Title, Boundary &/or Easement
- Other

**Civil Rights**
- Elections
- Habeas Corpus
- Post Conviction Relief
- Prisoner
- Other

IN THE CIRCUIT_____ COURT OF HARRISON_____ COUNTY, MISSISSIPPI

SECOND_____ JUDICIAL DISTRICT, CITY OF BILOXI_____

Docket No._____ - _____ _____     Docket No. If Filed
            File Yr        Chronological No.      Clerk's Local ID      Prior to 1/1/94_____

**PLAINTIFFS IN REFERENCED CAUSE - Page 1 of _2_ Plaintiffs Pages**
**IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Plaintiff #2:**

**Individual:** WANECK_____  JIMMY_____ (_____) L.
                    Last Name              First Name      Maiden Name, if Applicable    Middle Init.      Jr/Sr/II/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: 99879____ Bar # or Name: William M. Cunningham, Jr.___ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Plaintiff #3:**

**Individual:** _____  _____ (_____) ____
                    Last Name              First Name      Maiden Name, if Applicable    Middle Init.      Jr/Sr/II/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Plaintiff #4:**

**Individual:** _____  _____ (_____) ____
                    Last Name              First Name      Maiden Name, if Applicable    Middle Init.      Jr/Sr/II/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE CIRCUIT _____ COURT OF HARRISON _____ COUNTY, MISSISSIPPI

SECOND _____ JUDICIAL DISTRICT, CITY OF BILOXI _____

Docket No._____ - _____ _____    Docket No. If Filed
             File Yr        Chronological No.       Clerk's Local ID        Prior to 1/1/94 _____ _____

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of ⸺ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #2:**

Individual: _____ _____ (_____) _____ _____
                   Last Name              First Name        Maiden Name, if Applicable   Middle Init.   Jr/Sr/II/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

✓ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business CSX TRANSPORTATION, INC. - Incorporated in Mississippi
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #3:**

Individual: _____ _____ (_____) _____ _____
                   Last Name              First Name        Maiden Name, if Applicable   Middle Init.   Jr/Sr/II/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

✓ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business ECHO TRANSPORTATION SOLUTIONS, LLC - Incorporated in Texas
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #4:**

Individual: _____ _____ (_____) _____ _____
                   Last Name              First Name        Maiden Name, if Applicable   Middle Init.   Jr/Sr/II/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

✓ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

Business TBI GROUP, INC. - Incorporated in Texas
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICAL DISTRICT

| | |
|---|---|
| **STARR SWEARINGEN WANECK**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**CSX CORPORATION; CSX TRANSPORTATION, INC; ECHO TRANSPORTATION SOLUTIONS, LLC; TBL GROUP, INC.; JOHN DOE; ET AL,**<br><br>    **Defendant.** | Case No. A2402-17-30 |

### SUMMONS

TO:    CSX CORPORATION
c/o C.T, Corporation System, Registered Agent
4701 Cox Rd., Suite 285,
Glen Allen, Virginia 23060

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

    You are required to mail or hand deliver a copy of the written response to the Complaint to William M. Cunningham, Jr, the attorney for the Plaintiff, whose post office address is Burns, Cunningham & Mackey, P.C., Post Office Box 1583, Mobile, Alabama 36633 and whose street address is 50 Saint Emanuel Street, Mobile, Alabama 36602. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

    You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

    Issued under my hand and the seal of said Court, this 10th day of March

By Trisha Shenion
CLERK OF HARRISON COUNTY, MISSISSIPPI

(SEAL)

## PROOF OF SERVICE – SUMMONS

TO:   CSX CORPORATION
      c/o C.T, Corporation System, Registered Agent
      4701 Cox Rd., Suite 285,
      Glen Allen, Virginia 23060

      I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

_____   FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.  By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender.

_____   PERSONAL SERVICE.  I personally delivered copies to _____ _____ on the _____ day of _____, 2017, where I found said person in _____ County of the State of Mississippi.

_____   RESIDENCE SERVICE.  After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons and complaint on the _____ day of _____, 2017, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen (16) years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2017, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____   CERTIFIED MAIL SERVICE.   By mailing to an address inside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

      At the time of service, I was at least 18 years of age and not a party to this action.

Fee for service:      $_____

Process server must list below:

Name: _____

Address: _____

_____

Telephone No. _____

STATE OF ALABAMA        )

COUNTY OF MOBILE        )

      Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.


_____

Process Server (Signature)

Sworn to and subscribed before me this the _____ day of _____, 2017.


_____

NOTARY PUBLIC

My Commission Expires:_____

(SEAL)

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICAL DISTRICT

| | |
|---|---|
| **STARR SWEARINGEN WANECK**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**CSX CORPORATION; CSX TRANSPORTATION, INC; ECHO TRANSPORTATION SOLUTIONS, LLC; TBL GROUP, INC.; JOHN DOE; ET AL,**<br><br>    **Defendant.** | Case No. AS405-17-30 |

### SUMMONS

TO:    CSX TRANSPORTATION INC.
c/o C.T. Corporation System, Registered Agent
645 Lakeland East Drive Ste 101,
Flowood, Mississippi 39232

#### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of the written response to the Complaint to William M. Cunningham, Jr, the attorney for the Plaintiff, whose post office address is Burns, Cunningham & Mackey, P.C., Post Office Box 1583, Mobile, Alabama 36633 and whose street address is 50 Saint Emanuel Street, Mobile, Alabama 36602.  Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 10th day of March 2017

By _____
CLERK OF HARRISON COUNTY, MISSISSIPPI

(SEAL)

## PROOF OF SERVICE – SUMMONS

TO:    CSX TRANSPORTATION INC.
      c/o C.T. Corporation System, Registered Agent
      645 Lakeland East Drive Ste 101,
      Flowood, Mississippi 39232

      I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

_____    **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender.

_____    **PERSONAL SERVICE.** I personally delivered copies to _____ _____ on the _____ day of _____, 2017, where I found said person in _____ County of the State of Mississippi.

_____    **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons and complaint on the _____ day of _____, 2017, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen (16) years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2017, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____    **CERTIFIED MAIL SERVICE.** By mailing to an address inside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

      At the time of service, I was at least 18 years of age and not a party to this action.

Fee for service:    $ _____ _____ ___

.

Process server must list below:

Name: _____

Address: _____

_____

Telephone No. _____

STATE OF ALABAMA        )

COUNTY OF MOBILE        )

      Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named ____ _____ _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____

Process Server (Signature)

Sworn to and subscribed before me this the _____ day of _____, 2017.

_____

NOTARY PUBLIC

My Commission Expires:_____

(SEAL)

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**SECOND JUDICAL DISTRICT**

| | |
|---|---|
| **STARR SWEARINGEN WANECK** | |
| **Plaintiff,** | |
| **v.** | Case No. A2402-17-30 |
| **CSX CORPORATION; CSX TRANSPORTATION, INC; ECHO TRANSPORTATION SOLUTIONS, LLC; TBL GROUP, INC.; JOHN DOE; ET AL,** | |
| **Defendant.** | |

## SUMMONS

TO:    ECHO TRANSPORTATION SOLUTIONS, LLC
       c/o Elisa C. Fox, Registered Agent
       Decker Jones,
       801 Cherry Street, Suite 2000
       Ft Worth, Texas 76102

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of the written response to the Complaint to
William M. Cunningham, Jr. the attorney for the Plaintiff, whose post office address is Burns,
Cunningham & Mackey, P.C., Post Office Box 1583, Mobile, Alabama 36633 and whose street address is
50 Saint Emanuel Street, Mobile, Alabama 36602. Your response must be mailed or delivered within
thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be
entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

Issued under my hand and the seal of said Court, this 10th day of March , 2017.

By _____
CLERK OF HARRISON COUNTY, MISSISSIPPI

(SEAL)

# PROOF OF SERVICE – SUMMONS

TO:   ECHO TRANSPORTATION SOLUTIONS, LLC
      c/o Elisa C. Fox, Registered Agent
      Decker Jones,
      801 Cherry Street, Suite 2000
      Ft Worth, Texas 76102

•     I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

_____   **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender.

_____   **PERSONAL SERVICE.** I personally delivered copies to _____ _____ on the _____ day of _____, 2017, where I found said person in _____ County of the State of Mississippi.

_____   **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons and complaint on the _____ day of _____, 2017, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen (16) years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2017, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____   **CERTIFIED MAIL SERVICE.** By mailing to an address inside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service, I was at least 18 years of age and not a party to this action.

Fee for service:      $_____

Process server must list below:

Name: _____

Address: _____

_____

Telephone No. _____

STATE OF ALABAMA        )

COUNTY OF MOBILE        )

      Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____

Process Server (Signature)

Sworn to and subscribed before me this the _____ day of _____, 2017.

_____

NOTARY PUBLIC

My Commission Expires:_____

(SEAL)

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICAL DISTRICT

| | |
|---|---|
| **STARR SWEARINGEN WANECK**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**CSX CORPORATION; CSX TRANSPORTATION, INC; ECHO TRANSPORTATION SOLUTIONS, LLC; TBL GROUP, INC.; JOHN DOE; ET AL,**<br><br>    **Defendant.** | Case No. $\underline{AL402 \cdot 17 \cdot 30}$ |

### SUMMONS

TO:    TBL GROUP, INC.
       c/o Elisa C. Fox, Registered Agent
       Decker Jones,
       801 Cherry Street, Suite 2000
       Ft Worth, Texas 76102

#### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of the written response to the Complaint to William M. Cunningham, Jr, the attorney for the Plaintiff, whose post office address is Burns, Cunningham & Mackey, P.C., Post Office Box 1583, Mobile, Alabama 36633 and whose street address is 50 Saint Emanuel Street, Mobile, Alabama 36602. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this _10th_ day of _March_, 2017.

_R Fuchs_

CLERK OF HARRISON COUNTY, MISSISSIPPI

# PROOF OF SERVICE – SUMMONS

TO:   TBL GROUP, INC.
c/o Elisa C. Fox, Registered Agent
Decker Jones,
801 Cherry Street, Suite 2000
Ft Worth, Texas 76102

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

_____   FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender.

_____   PERSONAL SERVICE. I personally delivered copies to _____ _____ on the _____ day of _____, 2017, where I found said person in _____ County of the State of Mississippi.

_____   RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons and complaint on the _____ day of _____, 2017, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen (16) years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2017, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____   CERTIFIED MAIL SERVICE. By mailing to an address inside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service, I was at least 18 years of age and not a party to this action.

Fee for service:      $_____

Process server must list below:

Name: _____

Address: _____

_____

Telephone No. _____

STATE OF ALABAMA        )

COUNTY OF MOBILE        )

      Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.


_____
Process Server (Signature)

Sworn to and subscribed before me this the _____ day of _____, 2017.


_____
NOTARY PUBLIC

My Commission Expires:_____

(SEAL)

# Circuit Court District 2

## Connie Ladner, Circuit Clerk

P O Box 235
730 Dr. Martin Luther King Jr. Blvd
Biloxi, MS 39533
(228) 435-8258

---

| | | | |
|---|---|---|---|
| Received From: | Cunningham, William Mitchell Jr. | Date: | 3/10/2017 |
| | P. O. BOX 1583 | Receipt #: | **55677** |
| | MOBILE, AL 36633-1583 | Clerk: | DWT |
| Paying for: | Waneck, Starr Swearingen | | |
| Transaction Type: | Civil Payment | Reference #: | 4013 |
| Payment Type: | Check | $166.00 | Original Case #: |
| Total Paid | | $166.00 | Comment: |
| Total Received | | $166.00 | |
| Change Due | | $0.00 | |

---

| Case # | Caption | Previous Balance | Amount Paid | Balance Due |
|---|---|---|---|---|
| A24021700030 | Starr Swearingen Waneck vs Csx Corporation | $166.00 | $166.00 | $0.00 |

File: J:\pess\jemsrpts\Circuit\ReceiptSingleCase.RPT

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## SECOND JUDICIAL DISTRICT

| | | |
|---|---|---|
| **STARR SWEARINGEN WANECK; and** | ) | |
| **JIMMY LEE WANECK** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CSX CORPORATION; CSX** | ) | **CASE NO. A2402-17-30** |
| **TRANSPORTATION INC.; ECHO** | ) | |
| **TRANSPORTATION SOLUTIONS, LLC;** | ) | |
| **TBL GROUP, INC.; DIAMOND TOURS INC.;** | ) | **JURY TRIAL DEMANDED** |
| **LOUIS AMBROSE, JR.; and A, B, and C, being** | ) | |
| those unknown individuals, partnerships, | ) | |
| corporations, or other entities whether singular or | ) | |
| plural whose negligence caused or contributed to | ) | |
| the accident made the basis of this suit | ) | |
| | ) | |
| **Defendants.** | ) | |

## FIRST AMENDED COMPLAINT

COME NOW, Plaintiffs, Starr Waneck and Jimmy Lee Waneck, by and through

their attorneys, and in accordance with Rule 15(a), *Mississippi Rules of Civil Procedure*

there being no responsive pleading to the original Complaint bring this First Amended

Complaint as follows:

### I.   PARTIES

**PLAINTIFFS**

1.   Plaintiff Starr Swearingen Waneck, is an individual and resident of the

State of Texas. Starr Swearingen Waneck was a passenger on the Charter Bus involved in this Collision and the wife of Jimmy Lee Waneck.

2.     Plaintiff Jimmy Lee Waneck, is an individual and resident of the State of Texas. Jimmy Lee Waneck is the husband of Starr Swearingen Waneck

3.     All the above identified Plaintiffs will hereinafter be referred to collectively as "Plaintiffs" throughout the remainder of this document. Each reference to "Plaintiffs" or allegation by "Plaintiffs" shall include each of the above Plaintiffs as if each Plaintiff was individually referenced or each allegation was made by each Plaintiff.

**DEFENDANTS**

4.     Defendant CSX Corporation is a for-profit Virginia corporation duly organized and existing under the laws of the State of Virginia, with its principal place of business in the State of Florida. Defendant CSX Corporation can be served with process through its registered agent: C.T, Corporation System, 4701 Cox Rd., Suite 285, Glen Allen, Virginia 23060.

5.     Defendant CSX Transportation Inc. is a railroad subsidiary of Defendant CSX Corporation and is for-profit Virginia corporation duly organized and existing under the laws of the State of Virginia, and doing substantial business in Harrison County, Mississippi. CSX Transportation Inc. can be served with process through its registered agent: C.T. Corporation System, 645 Lakeland East Drive Ste. 101, Flowood, Mississippi 39232.

6.     CSX Corporation and CSX Transportation, Inc. (hereinafter collectively referred to as "CSX" or "Defendant Railroad"), by and through their railroad interests,

2

own railroad tracks and conducts business in Harrison County, Mississippi by dispatching trains into and through Harrison County, Mississippi. The train and railroad-highway grade crossing where the collision that is subject to this litigation occurred is owned by CSX.

7.      At all times pertinent hereto, all employees of CSX were acting in their individual capacity and also as agents of CSX, within the scope of their employment and authority, and in the furtherance of the business of CSX. All the acts and omissions of the employees of CSX are imputed to their employer, who is liable for such acts and omissions, as well as rendering the individual Defendant liable in their individual capacities.

8.      Defendant Echo Transportation Solutions, LLC is a for-profit Texas corporation duly organized and existing under the laws of the State of Texas, and doing substantial business in Harrison County, Mississippi. Defendant Echo Transportation Solutions, LLC can be served with process through its registered agent: Elisa C. Fox, Decker Jones, 801 Cherry Street, Suite 2000, Ft. Worth, Texas 76102.

9.      Defendant TBL Group, Inc. is a for-profit Texas corporation duly organized and existing under the laws of the State of Texas, and doing substantial business in Harrison County, Mississippi. Defendant TBL Group, Inc. is the parent company to Echo Transportation Solutions, LLC (hereinafter collectively referred to as "Echo") and can be served with process through its registered agent: Elisa C. Fox, 801 Cherry Street, Suite 2000, Ft. Worth, Texas 76102.

10.     Defendant Louis Ambrose, Jr., is an individual and resident of the State of

3

Texas.  Louis Ambrose, Jr. was the driver of the Charter Bus involved in the collision giving rise to this litigation.  Louis Ambrose, Jr.is also employed by Echo.

11.     Defendant Diamond Tours, Inc. (hereinafter "Diamond") is a for-profit Florida corporation with its principal place of business in Fort Meyers, Florida.  Diamond can be served with process through its registered agent: E. Murray Moore, Jr., 215 S. Monroe Street, Suite 200, Tallahassee, Florida 32302.

12.     The Fictitious Defendants **A, B,** and **C,** are those unknown individuals, partnerships, corporations, or other entities whether singular or plural whose negligence caused the accident made the basis of this lawsuit.

## II.     JURISDICTION AND VENUE

13.     The Collision giving rise to this litigation occurred in Harrison County, Mississippi.

14.     This Court has jurisdiction over this matter as a court of original jurisdiction in the State of Mississippi for personal injury matters such as what is pleaded herein.

15.     Venue is proper in the Circuit Court for Harrison County, Mississippi.

16.     Pursuant to 49 U.S.C. § 20106, this case was appropriately brought in state court rather than federal court.  Plaintiffs reserve the right to amend this Petition as needed to further establish why this case was appropriately brought in the Circuit Court of Harrison County, Mississippi.  All allegations herein related to Defendant Railroad are based upon and should be interpreted to state causes of action seeking damages under state law for personal injury or property damage, based upon one or more of the

following:

    a. Defendant Railroad has failed to comply with the Federal standard of care established by a regulations or orders issued by the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), covering the subject matter as provided in subsection (a) of 49 U.S.C. § 20106;

    b. Defendant Railroad has failed to comply with its own plans, rules, or standards that defendant railroad created pursuant to a regulation or order issued by either of the Secretaries; or

    c. Defendant Railroad has failed to comply with State laws, regulations, and orders that are not incompatible with subsection (a)(2) of 49 U.S.C. § 20106.

17. All allegations set forth in this Complaint are based upon information and belief.

18. All allegations set forth in each of the paragraphs in this Complaint are incorporated by reference into each of the other sections and paragraphs contained in this Complaint, as if fully set forth therein.

### III.  FACTS AND ALLEGATIONS

19. On Wednesday, March 7, 2017, Plaintiff Starr Swearingen Waneck was riding as a passenger on a Charter Bus that was traveling from Austin, Texas, through Harrison County, Mississippi (hereinafter "Charter Bus"). The Charter Bus was transporting passengers to several casinos in the southern Mississippi and Louisiana region.

20. All occupants of the vehicle were paying customers and enroute to the Boomtown Casino in Biloxi, Mississippi. The trip was planned and promoted by Diamond.

21.    The Charter Bus is owned and operated by Echo Transportation Solutions LLC, a subsidiary of the TBL Group, Inc. and was being driven by Louis Ambrose, Jr., an employee of Echo.

22.    During the trip, the Charter Bus was traveling north on Main Street in Biloxi, Mississippi.

23.    Main Street is a pubic two-lane asphalt road running generally in a north-south direction.  Main Street is intersected by CSX railroad tracks running east-west just north of the Main Street and Esters Boulevard South intersection and just south of the Main Street and Esters Boulevard North intersection.

24.    As the Charter Bus was traveling north on Main Street in Biloxi, Mississippi it encountered the CSX railroad-highway grade crossing, identified as U.S. DOT # 340185W (hereinafter "Main Street Crossing" or "this crossing").

25.    The Main Street Crossing is a dangerous and severely inclined or "humped" crossing.  The Main Street Crossing consists of several layers of asphalt patches.  These asphalt patches create a steep inclined or hump.  This hump has been created and gradually grown overtime by automated CSX railroad maintenance practices.

26.    Prior to March 7, 2017, there have been sixteen accidents at this crossing. Several of those prior accidents have involved motorists either stuck or stopped on the Main Street Crossing.  In the most recent accident at this crossing, just months prior to this accident, a CSX train hit a Pepsi truck that became lodged on the Main Street Crossing.

27.    As the Charter Bus began to traverse the crossing, it became high-centered

and lodged on the Main Street Crossing. Louis Ambrose, Jr. was unable to dislodge the Charter Bus from the Main Street Crossing.

28.     After several minutes of being stuck on the crossing, passengers began to evacuate the Charter Bus.

29.     At about the same time, a CSX freight train (hereinafter "Accident Train") was traveling in a generally eastbound direction and barreling down on the Main Street Crossing. Despite straight railroad tracks for over 5 miles on approach to the Main Street Crossing, the CSX train crew failed to apply the brakes or put the train into emergency until the train was approximately 500 feet from the intersection.

30.     As a result, the CSX train failed to stop prior to the crossing, violently colliding with the Charter Bus (hereinafter the "Collision").

31.     The Collision caused numerous fatalities and life-altering injuries to passengers on the Charter Bus, including Plaintiff, Starr Swearingen Waneck.

<u>COUNT ONE</u>
**GENERAL LIABILITY ISSUES COMMON TO ALL DEFENDANTS**

32.     Plaintiffs, restate and reallege each and every other paragraph (and subparagraph) of this Complaint, including those paragraphs appearing above and below, and by this reference incorporate the same as though fully set forth herein.

33.     Defendants have a duty to exercise reasonable care to avoid injuring or killing members of the public. In this case Defendants breached their duty by failing to exercise reasonable care.

34.     As a direct and proximate result of the Defendants' breach of this duty,

7

Plaintiffs suffered damages, as alleged herein.  All acts or omissions of Defendants constitute negligence, gross negligence, negligence *per se*, willful and wanton conduct, recklessness, intentional conduct, and demonstrate a reckless and intentional disregard for the safety of the traveling public.

WHEREFORE, Plaintiffs demand judgment against Defendants for a just and adequate amount of damages plus costs.

## COUNT TWO
## NEGLIGENCE AND GROSS NEGLIGENCE OF CSX

35.     Plaintiffs, restate and reallege each and every other paragraph (and subparagraph) of this Complaint, including those paragraphs appearing above and below, and by this reference incorporate the same as though fully set forth herein.

TRAIN OPERATIONS

36.     CSX had a duty to operate the train at a speed for the then existing conditions and be prepared to slow or stop for any hazardous conditions.

37.     The Collision described in this Complaint is a direct and proximate result of the negligence and/or gross negligence of Defendant Railroad in the following respects, namely:

a) Failing to keep a proper lookout prior to the Collision;

b) Failing to take reasonable precautions to protect the Main Street Crossing before the train fully occupied the crossing;

c) Failing to travel at a speed that allowed the train to stop in time to avoid the Collision;

d) Failing to slow or stop the train to avoid "a specific, individual hazard" at the Main Street Crossing prior to the Collision and/or failing to approach the Main

8

Street Crossing prepared to stop due to "an essentially local safety hazard;"

c) Failing to instruct its train crews on the appropriate circumstances under which they should be prepared to brake, slow, or stop the train for safety hazards at railroad crossings;

f) Failing to be prepared to brake, slow, or stop for motorists at the Main Street Crossing.

38. Plaintiffs are not making any claim for excessive speed based on "a specific individual hazard" or "an essentially local safety hazard." The claims based on "a specific individual hazard" and "an essentially local safety hazard" should not be interpreted as anything but the failure to, or the failure to be prepared to, slow the train, apply the brakes, or stop the train.

39. Defendant Railroad has also condoned its employees' failure to modify train operations to account for hazards at railroad crossings and has adopted a routine practice of ignoring hazards to the motoring public. This intentional indifference to the safety of Plaintiff and the motoring public was one of the contributing factors that caused this Collision.

FAILURE TO INSPECT AND REPAIR UNSAFE CROSSING

40. Regulations specify many duties Defendant Railroad has in connection with the crossing, track and surrounding appurtenances. Those duties include, but are not limited to, the following:

a) The duty to inspect the crossing, track and surrounding appurtenances pursuant to 49 C.F.R. §§ 213.233, 213.237, 213.233 and associated sections;

b) The duty to designate qualified persons to inspect track for defects pursuant to 49 C.F.R. § 213.7(b);

9

c) The duty to immediately prepare and maintain a record of each inspection of its track to specify the track inspected, date of inspection, location and nature of any defects and identifying the appropriate remedial for such defects all pursuant to 49 C.F.R. § 213.241 and its own rules;

d) The duty to immediately bring its track into compliance with track safety standards or halt operations over that track pursuant to 49 C.F.R. § 213.5.

41.    The Collision described in this Complaint is a direct and proximate result of the negligence and/or gross negligence of Defendant Railroad in the following respects, namely:

a) Failing to properly inspect, maintain and repair the Main Street Crossing;

b) Failing to properly identify, document, report, or repair the hazardous track and crossing conditions described herein;

c) In routinely ignoring the hazardous conditions posed by the Main Street Crossing;

d) Allowing these hazardous conditions to exist in direct violations of the code of Federal Regulations and Defendant Railroad's rules created pursuant to such regulations.

42.    The hazardous track and crossing conditions described herein were not properly identified, documented, reported or repaired by Defendant Railroad and its employees. Instead these hazardous conditions were allowed to exist as a direct violation of the Code of Federal Regulations and CSX's own rules created pursuant to such regulations. Defendant Railroad knew or should have known that the existence of these hazardous conditions created an unsafe crossing in violation of these rules and regulations.

43.    Many factors have combined to render this crossing unsafe for motorists. This combination of track conditions required remedial action to allow for safe operations

over this crossing by motorists and railroad traffic. If Defendant Railroad would have properly conducted track inspections at this crossing, the hazardous conditions at this crossing would have been identified and remedial action taken long before this accident, thereby preventing this collision.

UNSAFE CROSSING CONDITIONS

44. The Collision described in this Complaint is a direct and proximate result of the negligence of the Defendant Railroad, which allowed maintenance activities at the Main Street Crossing to alter the vertical alignment of the crossing and its approaches, thereby creating a severe incline or "hump."

45. CSX maintenance activities at the Main Street Crossing should not be allowed to build up the crossing surface above the same level plane of the intersecting roadway, thereby creating an unacceptable approach grade. The both approaches to the Subject Crossing were at an inappropriate incline to the crossing surface. This inappropriate incline violated standards of the American Association of State Highway and Transportation Officials ("AASHTO") and the American Railway Engineering and Maintenance-of-Way Association ("AREMA").

46. The humped condition rendered the Main Street Crossing unsafe for motorists and extra-hazardous, ultra-hazardous, and unusually dangerous.

47. The unsafe crossing conditions described herein were not properly identified, documented, reported nor repaired by CSX. Instead these hazardous conditions were allowed to exist as a direct violation of State law, the code of Federal Regulations and the railroad's own rules. CSX knew or should have known that the

existence of these hazardous conditions created an unsafe crossing in violation these laws, rules and regulations.

48.    CSX knew, or should have known, that the unsafe crossing conditions described herein created a specific local hazard that should have been repaired, guarded against or warned about.  CSX did not notify the train crew on the subject train of any specific local hazard regarding the Main Street Crossing.  The train crew did not slow and or brake in sufficient time to avoid the collision or meaningfully change the dynamic of the Collision.  They did not know to approach the Main Street Crossing prepared to brake.

49.    If CSX would have properly conducted track inspections at this crossing, the hazardous conditions at the Main Street Crossing would have been identified and remedied long before this Collision, thereby preventing this Collision.

50.    Although there are many problems that are caused by the complex crossing characteristics of this crossing, Plaintiffs are not making any claim based upon anything inappropriate concerning the design or construction of the railroad track.    These allegations assert that this crossing was not properly maintained and should not be interpreted as anything but improper maintenance issues.

**FAILURE TO REPORT UNSAFE CONDITIONS**

51.    CSX has a duty to inspect, report, and repair unsafe conditions at the Main Street Crossing.

52.    The Collision described in this Complaint is a direct and proximate result of the negligence of the Defendant Railroad, as follows:

12

a) Failing to correct or accommodate for the hazardous characteristics and conditions at the Main Street Crossing;

b) Condoning its employee's failure to report these unsafe crossing conditions and characteristics;

c) Failing to require its employees to report unsafe conditions at the Main Street Crossing, in violation of Defendant Railroad's Operating Rules and federal regulations which require Defendant Railroad to instruct its employees to comply with its operating rules.

d) Failing to properly warn the CSX train of the problems the Charter Bus was having in navigating across the Main Street Crossing;

e) Failing to have adequate and reasonable safeguards in place for the movement of the Charter Bus over the Main Street Crossing;

f) Failing to timely respond to calls concerning the problems the Charter Bus was having in navigating over the Main Street Crossing;

g) Failing to properly staff its dispatch center to answer calls from the 1-800 number at the Main Street Crossing;

h) Failing to instruct, notify, or warn the CSX train crew of the Charter Bus at the Main Street Crossing;

i) It was otherwise careless and negligent and/or grossly negligent as such facts are discovered during discovery in this litigation.

53.     Defendant Railroad has actual or constructive knowledge that the severe non-compliant hump rendered this crossing more complex and more hazardous for motorists. Instead of correcting or accommodating for these hazardous characteristic and condition, Defendant Railroad elected to ignore its existence. As a result, its employees are aware that CSX does not want them to report hazardous conditions that are known to make crossings like this unsafe. It is the routine practice of Defendant Railroad to condone its employee's failure to report these unsafe crossing characteristics and

conditions. Defendant Railroad knew, or should have known, that this failure to report and address unsafe crossing characteristics and conditions, would result in unnecessary loss of life and injuries.

54.     As a direct and proximate result of the Defendants' breach of this duty, Plaintiffs suffered damages, as alleged in this Complaint. All acts or omissions of Defendants constitute negligence, gross negligence, negligence *per se*, willful and wanton conduct, recklessness, intentional conduct, and demonstrate a reckless and intentional disregard for the safety of the traveling public.

WHEREFORE, Plaintiffs demand judgment against Defendants for a just and adequate amount of actual damages, punitive damages, costs incurred herein together with prejudgment and post-judgment interest, and other relief as the Court deems just and proper.

## COUNT TWO
## NEGLIGENCE AND GROSS NEGLIGENCE OF ECHO, DIAMOND, AND LOUIS AMBROSE JR.

55.     Plaintiffs, restate and reallege each and every other paragraph (and subparagraph) of this Complaint, including those paragraphs appearing above and below, and by this reference incorporate the same as though fully set forth herein.

56.     Echo, Diamond, and Louis Ambrose, Jr. had a duty to exercise a high degree of care towards its passengers, including Plaintiff, Starr Swearingen Waneck.

57.     The Collision described in this Complaint is a direct and proximate result of the negligence and/or gross negligence of Echo and Louis Ambrose, Jr. in the following respects, namely:

a) Failing to keep and maintain a reasonably careful and proper lookout in the Charter Bus's direction of travel;

b) Failing to keep the Charter Bus under reasonable and proper control;

c) Failing to timely notify CSX that the Charter Bus was stuck on the Main Street Crossing;

d) Failing to properly plan the route for the Charter Bus, causing it to become stuck on the Main Street Crossing;

e) Failing to abide and observe railroad signs and signals;

f) Failing to yield the right of way to the path and direction of travel of the CSX train;

g) Failing to operate the Charter Bus with due caution so as not to impair or restrict proper operation of the vehicle, in violation Mississippi Regulations, Miss. Code, Title 63 *et seq.*;

h) Failing to use reasonable care to ensure that the Charter Bus could safely traverse the Main Street Crossing, in violation Mississippi Regulations, Miss. Code, Title 63 *et seq.*;

i) Failing to ensure the Charter Bus could cross the Main Street Crossing safely without changing gears, in violation Mississippi Regulations, Miss. Code, Title 63 *et seq.*; and

j) Approaching and entering the Main Street Crossing without first seeing and ascertaining that such movement could be made safely, in violation Mississippi Regulations, Miss. Code, Title 63 *et seq.*

58.     It was otherwise careless and negligent and/or grossly negligent as such facts are discovered during discovery in this litigation.

59.     As a direct and proximate result of the Defendants' breach of this duty, Plaintiffs suffered damages, as alleged in this Complaint.   All acts or omissions of Defendants constitute negligence, gross negligence, negligence *per se*, willful and

wanton conduct, recklessness, intentional conduct, and demonstrate a reckless and intentional disregard for the safety of the traveling public.

WHEREFORE, Plaintiffs demand judgment against Defendants for a just and adequate amount of actual damages, punitive damages, costs incurred herein together with prejudgment and post-judgment interest, and other relief as the Court deems just and proper.

## COUNT THREE
## INTENTIONAL DISREGARD FOR PUBLIC SAFETY TO ALL DEFENDANTS

60.    Plaintiffs, restate and reallege each and every other paragraph (and subparagraph) of this Complaint, including those paragraphs appearing above and below, and by this reference incorporate the same as though fully set forth herein.

61.    Defendants' customs, policies and conduct in all of the aforementioned allegations were willful and wanton, and demonstrated a reckless disregard for the safety of the motoring public.  Specifically, Defendant Railroad has intentionally elected to disregard legal duties owed to the traveling public.

62.    Defendants have demonstrated a pattern of conduct by failing to enforce its own policies and procedures as well as federal and state laws providing for the safe operation of trains and commercial passenger vehicles.  This pattern of conduct has condoned and ratified the conduct of its employees and agents to disregard duties owed to the traveling public.

63.    Defendant Railroad has made a deliberate decision that it will be cheaper to pay compensatory damages for claims resulting from train collisions than to properly

maintain its crossings and dispatch systems. Defendant Railroad's conduct as set forth herein constitutes malice.

64.     As a direct and proximate result of the Defendants' willful and wanton breach of this duty, Plaintiffs suffered damages, as alleged in this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendants for a just and adequate amount of actual damages, punitive damages, costs incurred herein together with prejudgment and post-judgment interest, and other relief as the Court deems just and proper.

## IV.  DAMAGES

65.     Plaintiffs, restate and reallege each and every other paragraph (and subparagraph) of this Complaint, including those paragraphs appearing above and below, and by this reference incorporate the same as though fully set forth herein.

66.     That as a direct and proximate result of the aforesaid acts and omissions of the Defendants, jointly and severally, Plaintiff, Starr Swearingen Waneck, was seriously injured as a result of blunt force trauma.

67.     That as a direct and proximate result of the Defendants' negligence, gross negligence, negligence *per se*, recklessness, and/or wrongful acts, as set forth hereinabove, Plaintiff, Starr Swearingen Waneck suffered severe, permanent and long-lasting injuries both economic and non-economic, including as follows:

a) The reasonable, usual and customary cost of the past, present and future medical care rendered to Plaintiff;

b) The increased living and medical expenses caused by the injuries suffered as a result of the Collision, including, but not limited to, the amount of increased

17

expenses as determined by a life care planner, physician or economist;

c) Lost wages and future earnings capacity;

d) Past, present and future physical and mental pain and suffering;

e) An orbital fracture, fractured jaw, facial scarring and traumatic brain injury.

f) Past, present and future loss of enjoyment of life;

g) Past, present and future loss of function of the body and mind;

h) Past, present and future disability and psychological injuries;

i) Past, present and future pain and suffering, disfigurement, inconvenience and loss of time;

j) Property damage;

k) Loss of consortium; and,

l) In other respects as may be revealed through discovery or at trial.

68.     That as a direct and proximate result of the Defendants' negligence, gross negligence, negligence *per se*, recklessness, and/or wrongful acts, as set forth hereinabove, Plaintiff, Jimmy Lee Waneck, has been caused to lose the society, companionship, love and affection of Starr Swearingen Waneck, the loss of aide, services and physical assistance provided by Starr Swearingen Waneck, and the loss of participation together in the activities, duties and responsibilities of making a home with Starr Swearingen Waneck.

69.     The negligence, gross negligence, negligence *per se*, willful and wanton conduct, recklessness, intentional conduct, and reckless and intentional disregard for the safety of the traveling public, of each of the Defendants, jointly and severally, as

18

described hereinabove, was a direct and proximate cause of the Plaintiffs' injuries and damages hereinabove alleged.

## V.   **DEMAND FOR JURY TRIAL AND RIGHT TO AMEND**

70.   Plaintiffs demand a trial by jury on all causes of action.

71.   Plaintiffs specifically reserve the right to amend this Frist Amended Complaint.

## VI.   **PRAYER**

WHEREFORE, Plaintiffs pray for judgment against the Defendants, jointly and severally, in a fair and reasonable sum for compensatory damages, punitive damages, costs incurred and expended herein, and attorneys' fees as allowed by law, together with prejudgment and post-judgment interest, and other relief as the Court deems just and proper.

Respectfully submitted:

**BURNS, CUNNINGHAM & MACKEY, P.C.**

*/s/ William M. Cunningham, Jr.*
William M. Cunningham, Jr. (99879)
Troy T. Schwant (100394)
Post Office Box 1583
Mobile, Alabama 36633
Telephone: (251) 432-0612
Facsimile: (251) 432-0625
Email: wmcunningham@bcmlawyers.com
         tschwant@bcmlawyers.com

## DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:

CSX CORPORATION
c/o C.T, Corporation System, Registered Agent
4701 Cox Rd., Suite 285,
Glen Allen, Virginia 23060

CSX TRANSPORTATION INC.
c/o C.T. Corporation System, Registered Agent
645 Lakeland East Drive Ste 101,
Flowood, Mississippi 39232

ECHO TRANSPORTATION SOLUTIONS, LLC
c/o Elisa C. Fox, Registered Agent
Decker Jones,
801 Cherry Street, Suite 2000
Fort Worth, Texas 76102

TBL GROUP, INC.
c/o Elisa C. Fox, Registered Agent
Decker Jones,
801 Cherry Street, Suite 2000
Fort Worth, Texas 76102

LOUIS AMBROSE, JR.
2109 Joyner Ranch Rd
Fort Worth, Texas 76134

DIAMOND TOURS, INC.
c/o E. Murray Moore, Jr., Registered Agent
215 S. Monroe Street, Suite 200
Tallahassee, Florida 32302

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICAL DISTRICT

| | |
|---|---|
| **STARR SWEARINGEN WANECK**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**CSX CORPORATION; CSX TRANSPORTATION, INC; ECHO TRANSPORTATION SOLUTIONS, LLC; TBL GROUP, INC.; JOHN DOE; ET AL,**<br><br>    **Defendant.** | **Case No. <u>A2402-17-30</u>** |

### SUMMONS

TO:    CSX CORPORATION
        c/o C.T, Corporation System, Registered Agent
        4701 Cox Rd., Suite 285,
        Glen Allen, Virginia 23060

### NOTICE TO DEFENDANT

**THE AMENDED COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of the written response to the Amended Complaint to William M. Cunningham, Jr, the attorney for the Plaintiff, whose post office address is Burns, Cunningham & Mackey, P.C., Post Office Box 1583, Mobile, Alabama 36633 and whose street address is 50 Saint Emanuel Street, Mobile, Alabama 36602. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this <u>22</u> day of <u>March</u>, 2017.

<u>R. Tulley</u>
CLERK OF HARRISON COUNTY, MISSISSIPPI

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICAL DISTRICT

| | |
|---|---|
| STARR SWEARINGEN WANECK<br><br>     Plaintiff,<br><br>v.<br><br>CSX CORPORATION; CSX<br>TRANSPORTATION, INC; ECHO<br>TRANSPORTATION SOLUTIONS, LLC;<br>TBL GROUP, INC.; JOHN DOE; ET AL,<br><br>     Defendant. | Case No. **A2402-17-30** |

## SUMMONS

TO:     CSX TRANSPORTATION INC.
        c/o C.T. Corporation System, Registered Agent
        645 Lakeland East Drive, Ste. 101,
        Flowood, Mississippi 39232

### NOTICE TO DEFENDANT

THE AMENDED COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of the written response to the Amended
Complaint to William M. Cunningham, Jr, the attorney for the Plaintiff, whose post office address is
Burns, Cunningham & Mackey, P.C., Post Office Box 1583, Mobile, Alabama 36633 and whose street
address is 50 Saint Emanuel Street, Mobile, Alabama 36602. Your response must be mailed or delivered
within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default
will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

Issued under my hand and the seal of said Court, this __22__ day of __March__, 2017.

CLERK OF HARRISON COUNTY, MISSISSIPPI

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICAL DISTRICT

| | |
|---|---|
| **STARR SWEARINGEN WANECK and JIMMY LEE WANECK,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CSX CORPORATION; CSX TRANSPORTATION, INC; ECHO TRANSPORTATION SOLUTIONS, LLC; TBL GROUP, INC.; DIAMOND TOURS, INC.; LOUIS AMBROSE, JR; ET AL,**<br><br>**Defendant.** | **Case No. A2402-17-30** |

## SUMMONS

TO:   Diamond Tours, Inc.
     E. Murray Moore, Jr., Registered Agent
     215 S. Monroe St., Suite 200
     Tallahassee, Florida 32302

### NOTICE TO DEFENDANT

THE AMENDED COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of the written response to the Amended Complaint to William M. Cunningham, Jr, the attorney for the Plaintiff, whose post office address is Burns, Cunningham & Mackey, P.C., Post Office Box 1583, Mobile, Alabama 36633 and whose street address is 50 Saint Emanuel Street, Mobile, Alabama 36602. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 22 day of March , 2017.

CLERK OF HARRISON COUNTY, MISSISSIPPI

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICAL DISTRICT

| | |
|---|---|
| STARR SWEARINGEN WANECK<br><br>Plaintiff,<br><br>v.<br><br>CSX CORPORATION; CSX TRANSPORTATION, INC; ECHO TRANSPORTATION SOLUTIONS, LLC; TBL GROUP, INC.; JOHN DOE; ET AL,<br><br>Defendant. | Case No. A2402-17-30 |

## SUMMONS

TO:     ECHO TRANSPORTATION SOLUTIONS, LLC
        c/o Elisa C. Fox, Registered Agent
        Decker Jones,
        801 Cherry Street, Suite 2000
        Ft Worth, Texas 76102

### NOTICE TO DEFENDANT

THE AMENDED COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of the written response to the Amended
Complaint to William M. Cunningham, Jr, the attorney for the Plaintiff, whose post office address is
Burns, Cunningham & Mackey, P.C., Post Office Box 1583, Mobile, Alabama 36633 and whose street
address is 50 Saint Emanuel Street, Mobile, Alabama 36602. Your response must be mailed or delivered
within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default
will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

Issued under my hand and the seal of said Court, this _22_ day of _March_, 2017.

_____
CLERK OF HARRISON COUNTY, MISSISSIPPI

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**SECOND JUDICAL DISTRICT**

| | |
|---|---|
| **STARR SWEARINGEN WANECK and JIMMY LEE WANECK,** | |
| **Plaintiffs,** | **Case No. A2402-17-30** |
| **v.** | |
| **CSX CORPORATION; CSX TRANSPORTATION, INC; ECHO TRANSPORTATION SOLUTIONS, LLC; TBL GROUP, INC.; DIAMOND TOURS, INC.; LOUIS AMBROSE, JR; ET AL,** | |
| **Defendant.** | |

## SUMMONS

TO:    Louis Ambrose, Jr.
       2109 Joyner Ranch Rd
       Fort Worth, Texas 76134

### NOTICE TO DEFENDANT

THE AMENDED COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of the written response to the Amended Complaint to William M. Cunningham, Jr, the attorney for the Plaintiff, whose post office address is Burns, Cunningham & Mackey, P.C., Post Office Box 1583, Mobile, Alabama 36633 and whose street address is 50 Saint Emanuel Street, Mobile, Alabama 36602. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this _22_ day of _March_, 2017.

_____
CLERK OF HARRISON COUNTY, MISSISSIPPI

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICAL DISTRICT

| | |
|---|---|
| **STARR SWEARINGEN WANECK** | |
| **Plaintiff,** | |
| **v.** | **Case No. A2402-17-30** |
| **CSX CORPORATION; CSX TRANSPORTATION, INC; ECHO TRANSPORTATION SOLUTIONS, LLC; TBL GROUP, INC.; JOHN DOE; ET AL,** | |
| **Defendant.** | |

### SUMMONS

TO:     TBL GROUP, INC.
        c/o Elisa C. Fox, Registered Agent
        Decker Jones,
        801 Cherry Street, Suite 2000
        Ft Worth, Texas 76102

### NOTICE TO DEFENDANT

THE AMENDED COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of the written response to the Amended
Complaint to William M. Cunningham, Jr, the attorney for the Plaintiff, whose post office address is
Burns, Cunningham & Mackey, P.C., Post Office Box 1583, Mobile, Alabama 36633 and whose street
address is 50 Saint Emanuel Street, Mobile, Alabama 36602. Your response must be mailed or delivered
within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default
will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

Issued under my hand and the seal of said Court, this _22_ day of _March_ , 2017.

_____
CLERK OF HARRISON COUNTY, MISSISSIPPI

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICAL DISTRICT**

| | |
|---|---|
| **STARR SWEARINGEN WANECK and JIMMY LEE WANECK,**<br><br>   **Plaintiffs,**<br><br>**v.**<br><br>**CSX CORPORATION; CSX TRANSPORTATION, INC; ECHO TRANSPORTATION SOLUTIONS, LLC; TBL GROUP, INC.; DIAMOND TOURS, INC.; LOUIS AMBROSE, JR; ET AL,**<br><br>   **Defendant.** | **Case No. <u>A2402-17-30</u>** |

**SUMMONS**

TO:   Diamond Tours, Inc.
      E. Murray Moore, Jr., Registered Agent
      215 S. Monroe St., Suite 200
      Tallahassee, Florida 32302

**NOTICE TO DEFENDANT**

THE AMENDED COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of the written response to the Amended Complaint to William M. Cunningham, Jr, the attorney for the Plaintiff, whose post office address is Burns, Cunningham & Mackey, P.C., Post Office Box 1583, Mobile, Alabama 36633 and whose street address is 50 Saint Emanuel Street, Mobile, Alabama 36602. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this ___22___ day of ___March___, 2017.

_____
CLERK OF HARRISON COUNTY, MISSISSIPPI

(SEAL) CIRCUIT CLERK OF HARRISON COUNTY, MISSISSIPPI

## PROOF OF SERVICE – SUMMONS

TO:   Diamond Tours, Inc.
      E. Murray Moore, Jr., Registered Agent
      215 S. Monroe St., Suite 200
      Tallahassee, Florida  32302

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

_____✓_____    FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.  By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender.

_____    PERSONAL SERVICE.  I personally delivered copies to _____ _____ on the _____ day of _____, 2017, where I found said person in _____ County of the State of Mississippi.

_____    RESIDENCE SERVICE.  After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi.  I served the summons and complaint on the _____ day of _____, 2017, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen (16) years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2017, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____    CERTIFIED MAIL SERVICE.   By mailing to an address inside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service, I was at least 18 years of age and not a party to this action.

Fee for service:   $  0.00  _____

Process server must list below:

Name:     Tonya L. Bunn

Address:     50 Saint Emanuel St.

     Mobile, AL 36602

Telephone No.     251-432-0612

STATE OF ALABAMA          )

COUNTY OF MOBILE          )

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Tonya L. Bunn_ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

Tonya L. Bunn
Process Server (Signature)

Sworn to and subscribed before me this the 27th day of March, 2017.

Julie Robins
NOTARY PUBLIC

My Commission Expires:   6/25/18

(SEAL)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Diomond Tours, Inc.
E. Murray Moore Jr., Reg. Agent
215 S. Monroe St., Ste. 200
Tallahassee, FL 32302

9590 9403 0685 5196 7132 93

2. Article Number (Transfer from service label)
9171 9690 0935 0063 6365 71

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   sured Mail Restricted
   ver $500).

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICAL DISTRICT

| | |
|---|---|
| **STARR SWEARINGEN WANECK**<br><br>   **Plaintiff,**<br><br>**v.**<br><br>**CSX CORPORATION; CSX TRANSPORTATION, INC; ECHO TRANSPORTATION SOLUTIONS, LLC; TBL GROUP, INC.; JOHN DOE; ET AL,**<br><br>   **Defendant.** | Case No. <u>**A2402-17-30**</u> |

### SUMMONS

TO:  CSX CORPORATION
c/o C.T, Corporation System, Registered Agent
4701 Cox Rd., Suite 285,
Glen Allen, Virginia 23060

### NOTICE TO DEFENDANT

THE AMENDED COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of the written response to the Amended Complaint to William M. Cunningham, Jr, the attorney for the Plaintiff, whose post office address is Burns, Cunningham & Mackey, P.C., Post Office Box 1583, Mobile, Alabama 36633 and whose street address is 50 Saint Emanuel Street, Mobile, Alabama 36602. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this ⌐L2⌐ day of ⌐March⌐, 2017.

_____
CLERK OF HARRISON COUNTY, MISSISSIPPI

(SEAL)

## PROOF OF SERVICE – SUMMONS

TO:   CSX CORPORATION
c/o C.T, Corporation System, Registered Agent
4701 Cox Rd., Suite 285,
Glen Allen, Virginia 23060

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

_____✓_____   **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender.

_____   **PERSONAL SERVICE.** I personally delivered copies to _____ _____ on the _____ day of _____, 2017, where I found said person in _____ County of the State of Mississippi.

_____   **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons and complaint on the _____ day of _____, 2017, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen (16) years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2017, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____   **CERTIFIED MAIL SERVICE.** By mailing to an address inside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service, I was at least 18 years of age and not a party to this action.

Fee for service:   $ 0.00 _____

Process server must list below:

Name: _____ Tonya L. Bunn _____

Address: _____ 50 Saint Emanuel St. _____

_____ Mobile, AL 36602 _____

Telephone No. _____ 251-432-0612 _____


STATE OF ALABAMA       )

COUNTY OF MOBILE       )

     Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Tonya L. Bunn_ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____ Tonya L. Bunn _____
Process Server (Signature)

Sworn to and subscribed before me this the 27th day of March , 2017.

_____ Julie Robins _____
NOTARY PUBLIC

My Commission Expires: 6/25/18

(SEAL)

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>☐ Agent<br>☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery |
| 1. Article Addressed to:<br>CSX Corp.<br>C/o CT Corp. System Reg. Agent<br>4701 Cox Rd., Ste. 285<br>Glen Allen, VA 23060 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>MAR 31 2017 |
| 9590 9402 2330 6225 7667 69 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™ |
| 2. Article Number (Transfer from service label)<br>9171 9690 0935 0063 6366 01 | ☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>red Mail Restricted Delivery<br>.r $500)  ☐ Signature Confirmation Restricted Delivery |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**SECOND JUDICAL DISTRICT**

| | |
|---|---|
| **STARR SWEARINGEN WANECK** | |
| **Plaintiff,** | |
| **v.** | **Case No. <u>A2402-17-30</u>** |
| **CSX CORPORATION; CSX TRANSPORTATION, INC; ECHO TRANSPORTATION SOLUTIONS, LLC; TBL GROUP, INC.; JOHN DOE; ET AL,** | |
| **Defendant.** | |

## SUMMONS

TO:   CSX TRANSPORTATION INC.
c/o C.T. Corporation System, Registered Agent
645 Lakeland East Drive, Ste. 101,
Flowood, Mississippi 39232

### NOTICE TO DEFENDANT

**THE AMENDED COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of the written response to the Amended Complaint to William M. Cunningham, Jr, the attorney for the Plaintiff, whose post office address is Burns, Cunningham & Mackey, P.C., Post Office Box 1583, Mobile, Alabama 36633 and whose street address is 50 Saint Emanuel Street, Mobile, Alabama 36602. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this  22  day of ___March___, 2017.

_____
CLERK OF HARRISON COUNTY, MISSISSIPPI

## PROOF OF SERVICE – SUMMONS

TO:   CSX TRANSPORTATION INC.
      c/o C.T. Corporation System, Registered Agent
      645 Lakeland East Drive, Ste. 101,
      Flowood, Mississippi 39232

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

_____✓_____    **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender.

_____    **PERSONAL SERVICE.** I personally delivered copies to _____ _____ on the _____ day of _____, 2017, where I found said person in _____ County of the State of Mississippi.

_____    **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons and complaint on the _____ day of _____, 2017, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen (16) years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2017, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____    **CERTIFIED MAIL SERVICE.** By mailing to an address inside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service, I was at least 18 years of age and not a party to this action.

Fee for service:       $ _0.00_____

Process server must list below:

Name: _____ Tonya L. Bunn _____

Address: _____ 50 Saint Emanuel St. _____

_____ Mobile, AL 36602 _____

Telephone No. _____ 251-432-0612 _____

STATE OF ALABAMA   )

COUNTY OF MOBILE   )

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ Tonya L. Bunn _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____ Tonya L. Bunn _____
Process Server (Signature)

Sworn to and subscribed before me this the 27th day of March, 2017.

_____ Julie Robins _____
NOTARY PUBLIC

My Commission Expires: _____ 6/25/18 _____

(SEAL)

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CSX Transportation Inc.
% CT Corp System, Reg. Agent
645 Lakeland East Dr., Ste 101
Flowood, MS 39232

9590 9402 2330 6225 7667 76

2. Article Number (Transfer from service label)

9171 9690 0935 0063 6366 18

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
5/25

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   ☐ ured Mail Restricted Delivery
   ver $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICAL DISTRICT**

| | |
|---|---|
| **STARR SWEARINGEN WANECK**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**CSX CORPORATION; CSX TRANSPORTATION, INC; ECHO TRANSPORTATION SOLUTIONS, LLC; TBL GROUP, INC.; JOHN DOE; ET AL,**<br><br>       **Defendant.** | **Case No. <u>A2402-17-30</u>** |

## SUMMONS

TO:    ECHO TRANSPORTATION SOLUTIONS, LLC
       c/o Elisa C. Fox, Registered Agent
       Decker Jones,
       801 Cherry Street, Suite 2000
       Ft Worth, Texas 76102

### NOTICE TO DEFENDANT

**THE AMENDED COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

       You are required to mail or hand deliver a copy of the written response to the Amended Complaint to William M. Cunningham, Jr, the attorney for the Plaintiff, whose post office address is Burns, Cunningham & Mackey, P.C., Post Office Box 1583, Mobile, Alabama 36633 and whose street address is 50 Saint Emanuel Street, Mobile, Alabama 36602. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

       You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

       Issued under my hand and the seal of said Court, this <u>22</u> day of <u>March</u>, 2017.

                                          <u>R. Pauley</u>
                                          CLERK OF HARRISON COUNTY, MISSISSIPPI

## PROOF OF SERVICE – SUMMONS

TO:   ECHO TRANSPORTATION SOLUTIONS, LLC
       c/o Elisa C. Fox, Registered Agent
       Decker Jones,
       801 Cherry Street, Suite 2000
       Ft Worth, Texas 76102

       I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

__✓___      FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.  By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender.

_____      PERSONAL SERVICE.  I personally delivered copies to _____ _____ on the _____ day of _____, 2017, where I found said person in _____ County of the State of Mississippi.

_____      RESIDENCE SERVICE.  After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi.  I served the summons and complaint on the _____ day of _____, 2017, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen (16) years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2017, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____      CERTIFIED MAIL SERVICE.  By mailing to an address inside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

       At the time of service, I was at least 18 years of age and not a party to this action.

Fee for service:   $ 0.00 _____

Process server must list below:

Name: _____ Tonya L. Bunn _____

Address: _____ 50 Saint Emanuel St. _____

_____ Mobile, AL 36602 _____

Telephone No. _____ 251-432-0612 _____

STATE OF ALABAMA        )

COUNTY OF MOBILE        )

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Tonya L. Bunn_____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server (Signature)

Sworn to and subscribed before me this the 27ᵗʰ day of  March , 2017.

_____
NOTARY PUBLIC

My Commission Expires: _6/25/18_____

(SEAL)

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent<br>☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Echo Transportation Solutions, LLC<br>c/o Elisa C.Foh Res. Agent<br>Decker Jones,<br>801 Cherry St., Ste. 2000<br>Fort Worth, TX 76102 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| ‖‖‖‖‖ ‖‖ ‖‖‖‖ ‖‖‖‖‖ ‖‖ ‖‖‖‖<br>9590 9403 0685 5196 7133 09 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise |
| 2. Article Number (Transfer from service label)<br>171 9690 0935 0063 6364 65 | ☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |

PS Form 3811, April 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**SECOND JUDICAL DISTRICT**

| | |
|---|---|
| **STARR SWEARINGEN WANECK and JIMMY LEE WANECK,**<br><br>      **Plaintiffs,**<br><br>**v.**<br><br>**CSX CORPORATION; CSX TRANSPORTATION, INC; ECHO TRANSPORTATION SOLUTIONS, LLC; TBL GROUP, INC.; DIAMOND TOURS, INC.; LOUIS AMBROSE, JR; ET AL,**<br><br>      **Defendant.** | **Case No. <u>A2402-17-30</u>** |

## SUMMONS

TO:   Louis Ambrose, Jr.
       2109 Joyner Ranch Rd
       Fort Worth, Texas 76134

### NOTICE TO DEFENDANT

THE AMENDED COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of the written response to the Amended Complaint to William M. Cunningham, Jr, the attorney for the Plaintiff, whose post office address is Burns, Cunningham & Mackey, P.C., Post Office Box 1583, Mobile, Alabama 36633 and whose street address is 50 Saint Emanuel Street, Mobile, Alabama 36602. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this ___22___ day of ___March___, 2017.

_____
CLERK OF HARRISON COUNTY, MISSISSIPPI

## PROOF OF SERVICE – SUMMONS

TO:   Louis Ambrose, Jr.
      2109 Joyner Ranch Rd
      Fort Worth, Texas 76134

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender.

PERSONAL SERVICE. I personally delivered copies to _____ _____ on the _____ day of _____, 2017, where I found said person in _____ County of the State of Mississippi.

RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons and complaint on the _____ day of _____, 2017, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen (16) years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2017, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

CERTIFIED MAIL SERVICE. By mailing to an address inside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service, I was at least 18 years of age and not a party to this action.

Fee for service:   $ _0.00_____

Process server must list below:

Name: _Tonya L. Bunn_

Address: _50 Saint Emanuel St._

_Mobile, AL 36602_

Telephone No. _251-432-0612_

STATE OF ALABAMA    )

COUNTY OF MOBILE    )

     Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Tonya L. Bunn_ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

                               _Tonya L. Bunn_
                               Process Server (Signature)

Sworn to and subscribed before me this the _27th_ day of _March_ , 2017.

                               _Julie Robinson_
                               NOTARY PUBLIC

                               My Commission Expires: _6|25|18_

(SEAL)

USPS.com® - USPS Tracking® Results

# USPS Tracking® Results

FAQs › (http://faq.usps.com/?articleId=220900)

Track Another Package +

Remove ✕

**Tracking Number:** 9171969009350063636458

# Delivered

**Expected Delivery Day:** Thursday, March 30, 2017 ⓘ

## Product & Tracking Information

See Available Actions

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| March 30, 2017, 9:11 am | **Delivered, Left with Individual** | FORT WORTH, TX 76134 |
| | ▲ | |
| | Your item was delivered to an individual at the address at 9:11 am on March 30, 2017 in FORT WORTH, TX 76134. | |
| March 30, 2017, 4:05 am | Departed USPS Destination Facility | FORT WORTH, TX 76161 |
| March 29, 2017, 3:46 pm | Arrived at USPS Destination Facility | FORT WORTH, TX 76161 |
| March 29, 2017, 5:02 am | In Transit to Destination | |

See More ⌄

# Available Actions

| Text Updates | ⌄ |
|---|---|
| Email Updates | ⌄ |
| Return Receipt Email | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**Case: 24CI2:17-cv-00030     Document #: 18     Filed: 04/03/2017     Page 4 of 5**

UNITED STATES POSTAL SERVICE

N TEXAS
DALLAS 750
30 MAR '17
PM 8 L

Burns, Cunningham & Mackey, P.C.
P. O. Box 1583
Mobile, AL 36633
Attn: Tonya

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

this box•

USPS TRACKING#

9590 9403 0685 5196 7133 16

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Louis Ambrose jr.
2109 Joyner Ranch Rd.
Forth Worth TX 76134



9590 9403 0685 5196 7133 16

2. Article Number (Transfer from service label)
9171 9690 0935 0063 6364 58

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)
C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ....red Mail
☐ ....ured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

Domestic Return Receipt

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICAL DISTRICT

| | |
|---|---|
| **STARR SWEARINGEN WANECK**<br><br>  **Plaintiff,**<br><br>**v.**<br><br>**CSX CORPORATION; CSX TRANSPORTATION, INC; ECHO TRANSPORTATION SOLUTIONS, LLC; TBL GROUP, INC.; JOHN DOE; ET AL,**<br><br>  **Defendant.** | Case No. <u>**A2402-17-30**</u> |

### SUMMONS

TO:   TBL GROUP, INC.
        c/o Elisa C. Fox, Registered Agent
        Decker Jones,
        801 Cherry Street, Suite 2000
        Ft Worth, Texas 76102

### NOTICE TO DEFENDANT

#### THE AMENDED COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of the written response to the Amended Complaint to William M. Cunningham, Jr, the attorney for the Plaintiff, whose post office address is Burns, Cunningham & Mackey, P.C., Post Office Box 1583, Mobile, Alabama 36633 and whose street address is 50 Saint Emanuel Street, Mobile, Alabama 36602. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this _22_ day of _March_, 2017.

_____
CLERK OF HARRISON COUNTY, MISSISSIPPI

## PROOF OF SERVICE – SUMMONS

TO:    TBL GROUP, INC.
        c/o Elisa C. Fox, Registered Agent
        Decker Jones,
        801 Cherry Street, Suite 2000
        Ft Worth, Texas 76102

       I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

**FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender.

**PERSONAL SERVICE.** I personally delivered copies to _____ _____ on the _____ day of _____, 2017, where I found said person in _____ County of the State of Mississippi.

**RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons and complaint on the _____ day of _____, 2017, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen (16) years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2017, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

**CERTIFIED MAIL SERVICE.** By mailing to an address inside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

      At the time of service, I was at least 18 years of age and not a party to this action.

Fee for service:    $ 0.00 _____

Process server must list below:

Name: _Tonya L. Bunn_

Address: _50 Saint Emanuel St._

_Mobile, AL 36602_

Telephone No. _251-432-0612_

STATE OF ALABAMA   )

COUNTY OF MOBILE   )

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Tonya L. Bunn_ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_Tonya L. Bunn_
Process Server (Signature)

Sworn to and subscribed before me this the _27th_ day of _March_, 2017.

_Julie Robins_
NOTARY PUBLIC

My Commission Expires: _6/25/18_

(SEAL)

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br>TBL Group, Ine.<br>40 Elisa C. Foa, Reg. Agent<br><br>Decker Jones,<br>801 Cherry St., Ste. 2000<br>Fort Worth, TX 76102<br><br>9590 9403 0685 5196 7133 23 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>171 9690 0935 0063 6364 72 | |

PS Form 3811, April 2015 PSN 7530-02-000-9053      Domestic Return Receipt

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICAL DISTRICT

| | |
|---|---|
| **STARR SWEARINGEN WANECK; and JIMMY LEE WANECK** | |
| **Plaintiffs,** | **Case No. A2402-17-30** |
| **v.** | |
| **CSX CORPORATION; CSX TRANSPORTATION, INC.; ECHO TRANSPORTATION SOLUTIONS, LLC; TBL GROUP, INC.; JOHN JOE;, ET AL.,** | |
| **Defendants.** | |

### NOTICE OF SERVICE

COMES NOW the Plaintiffs, Starr Swearingen Waneck and Jimmy Lee Waneck, by and through undersigned counsel, and hereby submits this Notice of Service of the following:

1.      VERIFIED APPLICATION OF ROBERT L. POTTROFF FOR APPLICATION FOR ADMISSION PRO HAC VICE; and,

2.      VERIFIED APPLICATION OF NATHAN L. KARKIN FOR APPLICATION FOR ADMISSION PRO HAC VICE

Respectfully submitted,

**BURNS, CUNNINGHAM & MACKEY, P.C.**

*/s/ William M. Cunningham, Jr.*
William M. Cunningham, Jr. (99879)
Troy T. Schwant (100394)

Post Office Box 1583
Mobile, Alabama 36633
Telephone: (251) 432-0612
Facsimile: (251) 432-0625
Email: wmcunningham@bcmlawyers.com
        tschwant@bcmlawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 6th day of April, 2017, I electronically filed the foregoing with the Clerk of the Court using the MEC system which will send notification of such filing to the following:

/s/ William M. Cunningham, Jr.
OF COUNSEL

## DEFENDANTS TO BE SERVED VIA U. S. MAIL AS FOLLOWS:

CSX CORPORATION
c/o C.T. Corporation System, Registered Agent
4701 Cox Rd., Suite 285,
Glen Allen, Virginia 23060

CSX TRANSPORTATION INC.
c/o C.T. Corporation System, Registered Agent
645 Lakeland East Drive Ste 101,
Flowood, Mississippi 39232

ECHO TRANSPORTATION SOLUTIONS, LLC
c/o Elisa C. Fox, Registered Agent
Decker Jones,
801 Cherry Street, Suite 2000
Fort Worth, Texas 76102

TBL GROUP, INC.
c/o Elisa C. Fox, Registered Agent
Decker Jones,
801 Cherry Street, Suite 2000
Fort Worth, Texas 76102

2

LOUIS AMBROSE, JR.
2109 Joyner Ranch Rd
Fort Worth, Texas 76134

DIAMOND TOURS, INC.
c/o E. Murray Moore, Jr., Registered Agent
215 S. Monroe Street, Suite 200
Tallahassee, Florida 32302

3

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## SECOND JUDICAL DISTRICT

**STARR SWEARINGEN WANECK; and
JIMMY LEE WANECK**

    **Plaintiffs,**

**v.**

**CSX CORPORATION; CSX
TRANSPORTATION, INC.; ECHO
TRANSPORTATION SOLUTIONS,
LLC; TBL GROUP, INC.; JOHN JOE;,
ET AL.,**

    **Defendants.**

**Case No. A2402-17-30**

---

### AMENDED NOTICE OF SERVICE

COMES NOW the Plaintiffs, Starr Swearingen Waneck and Jimmy Lee Waneck, by and through undersigned counsel, and hereby submits this Notice of Service of the following:

1.     VERIFIED APPLICATION OF ROBERT L. POTTROFF FOR APPLICATION FOR ADMISSION PRO HAC VICE; and,

2.     VERIFIED APPLICATION OF NATHAN L. KARKIN FOR APPLICATION FOR ADMISSION PRO HAC VICE.

The original verified applications were mailed via U. S. Mail to each defendant on April 3, 2017.

Respectfully submitted,

**BURNS, CUNNINGHAM & MACKEY, P.C.**

*/s/ William M. Cunningham, Jr.*
William M. Cunningham, Jr. (99879)
Troy T. Schwant (100394)
Post Office Box 1583
Mobile, Alabama 36633
Telephone: (251) 432-0612
Facsimile: (251) 432-0625
Email: wmcunningham@bcmlawyers.com
          tschwant@bcmlawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 6th day of April, 2017, I electronically filed the foregoing with the Clerk of the Court using the MEC system which will send notification of such filing to the following:

*/s/ William M. Cunningham, Jr.*
OF COUNSEL

## DEFENDANTS TO BE SERVED VIA U. S. MAIL AS FOLLOWS:

CSX CORPORATION
c/o C.T, Corporation System, Registered Agent
4701 Cox Rd., Suite 285,
Glen Allen, Virginia 23060

CSX TRANSPORTATION INC.
c/o C.T. Corporation System, Registered Agent
645 Lakeland East Drive Ste 101,
Flowood, Mississippi 39232

2

ECHO TRANSPORTATION SOLUTIONS, LLC
c/o Elisa C. Fox, Registered Agent
Decker Jones,
801 Cherry Street, Suite 2000
Fort Worth, Texas 76102

TBL GROUP, INC.
c/o Elisa C. Fox, Registered Agent
Decker Jones,
801 Cherry Street, Suite 2000
Fort Worth, Texas 76102
LOUIS AMBROSE, JR.
2109 Joyner Ranch Rd
Fort Worth, Texas 76134

DIAMOND TOURS, INC.
c/o E. Murray Moore, Jr., Registered Agent
215 S. Monroe Street, Suite 200
Tallahassee, Florida 32302

3