# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| STARR SWEARINGEN WANECK AND AND JIMMY LEE WANECK | PLAINTIFFS |
| v. | CIVIL NO. 1:17CV106-HSO-JCG |
| CSX CORPORATION, ET AL. | DEFENDANTS |

## ORDER OVERRULING PLAINTIFFS' [114] OBJECTIONS TO, AND DENYING PLAINTIFFS' APPEAL OF, MAGISTRATE JUDGE'S ORDER [113], AND DENYING PLAINTIFFS' MOTION [116] TO FILE ATTORNEY CLIENT PRIVILEGED DOCUMENTS UNDER SEAL

BEFORE THE COURT are Plaintiffs Starr Swearingen Waneck and Jimmy Lee Waneck's [114] Objections to, and Appeal of, United States Magistrate Judge John C. Gargiulo's August 25, 2017, Order [113] Granting Defendant CSX Transportation, Inc.'s Motion [50] to Raise Nonconsentable Conflict of Interest Under Rule 1.7(b) of the Mississippi Rules of Professional Conduct and Disqualify Pro Hac Vice Admitted Attorney Robert L. Pottroff, and Plaintiffs' Motion [116] to File Attorney Client Privileged Documents Under Seal. For the reasons that follow, the Court finds that Plaintiffs' Objections should be overruled, that their Appeal should be denied, and that their Motion to File Under Seal should be denied.

## I. BACKGROUND

A. <u>Relevant Background</u>

This matter arises out of a collision that occurred on March 7, 2017, when a charter bus, in which Plaintiffs Starr Swearingen Waneck and Jimmy Lee Waneck ("Plaintiffs") were passengers, became wedged on a railroad crossing in Biloxi,

Mississippi, and was struck by a freight train. Am. Compl. [1-1] at 44-46. Plaintiffs filed their Complaint on March 10, 2017, in the Circuit Court of Harrison County, Mississippi, Second Judicial District, and on March 20, 2017, filed an Amended Complaint. Notice of Removal [1] at 1.

The Amended Complaint asserts claims against all Defendants for, among other things, negligence, gross negligence, negligence per se, willful and wanton conduct, recklessness, intentional conduct, and a reckless and intentional disregard for the safety of the traveling public, breach of Defendants' duties to "operate a train at a speed for the then existing conditions and be prepared to slow or stop for any hazardous conditions" and to inspect, repair, and report unsafe crossings, and intentional disregard for the safety of the traveling public. Plaintiffs seek actual and punitive damages and costs from Defendants, jointly and severally. Am. Compl. [1-1] at 46-58. Defendants CSX Corporation ("CSXC") and CSX Transportation, Inc. ("CSXT"), removed the case to this Court on April 11, 2017. Notice of Removal [1] at 1-11.

On June 2, 2017, Defendant CSXT filed a Motion [50] to Raise Nonconsentable Conflict of Interest Under Rule 1.7(b) of the Mississippi Rules of Professional Conduct and Disqualify Pro Hac Vice Admitted Attorney Robert L. Pottroff. Plaintiffs filed a Response [62] in Opposition, CSXT filed a Rebuttal [71], and Plaintiffs filed a Sur-reply [90].

On August 25, 2017, the Magistrate Judge entered an Order [113] granting CSXT's Motion and disqualifying attorneys Robert L. Pottroff and Nathan L. Karlin of the law firm of Pottroff Law Office, PA ("Pottroff"), from representing Plaintiffs in this case. Order [113] at 21. The Magistrate Judge found the existence of a conflict of interest for Pottroff to represent Plaintiffs in the current matter for claims arising out of the March 7, 2017, collision while simultaneously representing the City of Biloxi, Mississippi, for claims brought against the City by CSXT under the Mississippi Tort Claims Act, Mississippi Code Annotated §11-46-1, et. seq., arising out of the same collision. Order [113] at 11-16. The Magistrate Judge concluded that this conflict of interest was nonconsentable under both Mississippi Rule of Professional Conduct 1.7 ("Mississippi Rule") and the American Bar Association's ("ABA") Model Rule of Professional Conduct 1.7 ("Model Rule"). Specifically, the Magistrate Judge found as follows:

> The present case strikes the Court as exactly the type of circumstances under which a disinterested lawyer would conclude that a client should not agree to the (sic) his or her lawyer's representation of an additional client with adverse interests. The simultaneous representation of the Wanecks and the City of Biloxi presents serious and unavoidable conflicts of interest for Pottroff. The Wanecks seek to recover monetary damages for the injuries they suffered in the accident. It would seemingly not matter to them who is ultimately responsible for the accident, or in what proportion; they simply seek to recover as much as they are owed. However, to the extent that the City of Biloxi has an interest in the instant litigation, it is to minimize its liability for the accident. Necessarily, Pottroff cannot pursue any claim the Wanecks might have against Biloxi, no matter what the factual investigation reveals. The agreement between Pottroff and Biloxi even provides, "The Pottroff Law Office and any associated clients have agreed not to

> pursue suit or seek other legal recourse against the City of Biloxi related to this matter." (ECF No. 50-3, at 9-10). Therefore, he cannot provide "competent and diligent representation" to the Wanecks. Model R. Prof'l Conduct 1.7(b)(1).
>
> Additionally, subpart (b)(3) of Model Rule 1.7 similarly counsels against the consentability of the present conflict of interest. Although Plaintiffs have not asserted a claim against the City of Biloxi, they cannot do so while their attorney also represents Biloxi. Nonetheless, their interests, as already set forth, are adverse. Accordingly, the Court finds that the concurrent conflict of interest in Pottroff's representation of both the Wanecks and the City of Biloxi is not consentable under either Mississippi Rule 1.7 or Model Rule 1.7.

*Id.* at 18-19 (footnote omitted).

The Magistrate Judge further found that the disqualification of Pottroff would not be detrimental to Plaintiffs' case because they will continue to be represented by competent counsel in William M. Cunningham, Jr. and Troy T. Schwant, both of the law firm Burns, Cunningham & Mackey, counsel of record appearing on the original Complaint. *Id.* at 20; Compl. [1-1] at 5-22.

B. <u>Plaintiffs' [114] Objections to, and Appeal of, Magistrate Judge's Order</u>

On September 9, 2017, Plaintiffs filed their [114] Objections to, and Appeal of, Magistrate Judge's Order. Plaintiffs do not contest the Magistrate Judge's determination that a conflict of interest exists, only his conclusion that this conflict of interest is nonconsentable. Mem. in Supp. [121] at 2. Plaintiffs proffer that "no lawyer for any victim"[1] has asserted a claim against the City of Biloxi, Mem. in

---

[1] The term "victim" is not defined. The Court notes that CSXT has submitted a Tort Claim letter dated May 26, 2017, to the City of Biloxi "noticing its intent to file

4

Supp. [121] at 5, that Plaintiffs "do not wish to now or ever make a claim" against the City of Biloxi, *id*. at 9, and that "any 'potential conflict' will disappear on March 7, 2018," based upon the limitations period for filing claims against the City of Biloxi under Mississippi Code Annotated §11-46-11(3), *id*. Plaintiffs maintain that Pottroff should not be disqualified since they were fully informed of the conflict and have given "knowing, informed and written consent to Attorney Pottroff's representation of the City of Biloxi." *Id*. at 11.

CSXT's Response [119] contends that the Magistrate Judge reached the correct decision and that Plaintiffs fail to identify "any error of law or fact in the Magistrate Judge's reasoned and legally sound written order." Resp. in Opp'n [119] at 4. According to CSXT, Plaintiffs' admission that a conflict exits since the City of Biloxi's liability "'may later be supported by facts,'" only confirms that a nonconsentable conflict of interest exists for Pottroff to continue to represent Plaintiffs. *Id*. at 14-15 (quoting Pls.' Mem. in Supp. [121] at 4).

Plaintiffs' Reply [122] maintains that although there may exist a conflict in Pottroff's concurrent representation of Plaintiffs and Biloxi, Plaintiffs may and do consent to such concurrent representation. "Pottroff's representation of the City does not foreclose the Wanecks from pursuing an action against the City of Biloxi, should they wish to in the future." Reply [122] at 3. Alternatively, Plaintiffs seek

---

a complaint and/or third-party complaint" and referencing this case. CSXT Letter [71-2] at 1-4.

5

an order "wherein the Magistrate Judge will review the disqualification of Attorney Pottroff after March 7, 2018 to determine if a conflict of interest still exists." *Id*.

C. <u>Plaintiffs' Motion [116] to File Attorney Client Privileged Documents Under Seal</u>

In conjunction with their Objections, Plaintiffs have filed a Motion [116] seeking permission to file under seal, pursuant to Local Uniform Civil Rule 79(b), three affidavits purported to be those of Pottroff and each Plaintiff, on grounds that they contain communications protected by the "attorney-client privilege." Mot. to File [116] at 1-2. Plaintiffs posit that although Local Uniform Civil Rule 72(a) does not contemplate a district court receiving additional evidence in reviewing a magistrate judge's non-dispositive order, a court may exercise its discretion to do so. Mem. in Supp. [117] at 2-4. Allowing the proposed affidavits to be filed under seal will supply the Court with "additional facts to support a finding that the [P]laintiffs as a matter of law were fully aware of the issues before consenting to Robert L. Pottroff's continued representation and that the [M]agistrate [J]udge's [O]rder disqualifying Attorney Pottroff was contrary to the law." *Id*. at 6.

CSXT's Response [120] argues that the Motion should be denied in that it does not comport with Local Uniform Civil Rule 79's requirements to: (1) adequately describe and justify sealing of the affidavits or differentiate them from the previously filed affidavits; (2) discuss relevant case law concerning the sealing of documents; (3) narrowly tailor the scope of the request; and (4) cite necessary facts

and law in the proposed order granting the Motion. Resp. in Opp'n [120] at 5-8. CSXT further points out that Rule 72(a) does not permit a party to introduce supplemental evidence when seeking review of a magistrate judge's nondispositive order. *Id*. at 3-4; *see Moore v. Ford Motor Co.*, 755 F.3d 802, 808 n.15 (5th Cir. 2014).

## II. DISCUSSION

A. Standard of Review

In reviewing a magistrate's pretrial order, a district court may set aside a "non-dispositive order" if it is clearly erroneous or is contrary to law. *Moore*, 755 F.3d at 806 (citing FED. R. CIV. P. 72(a); 28 USC § 636(b)(1)(A)). A district court's review of a magistrate judge's factual findings contained in a nondispositive order is limited to clear error review, thus a district court has the discretion to limit its scope of review to the evidence presented to the magistrate judge. *Id*. at 808.

B. Plaintiffs' Objections should be overruled.

In determining that Pottroff's conflict in simultaneously representing Plaintiffs and the City of Biloxi is nonconsentable, the Magistrate Judge reasoned that

> [b]oth the Mississippi Rules and Model Rules agree that, notwithstanding the existence of a concurrent conflict of interest, a lawyer may continue to represent a client under certain circumstances. Mississippi Rule 1.7 provides that a lawyer may only represent a concurrently-conflicted client if "the lawyer reasonably believes" that "the representation will not be adversely affected" and "the client gives knowing and informed consent after consultation," which "shall include

7

> explanation of the implications of the representation and the advantages and risks involved." Miss. R. Prof'l Conduct 1.7(b). Model Rule 1.7 provides that a lawyer may only represent a concurrently-conflicted client if (1) "the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client," (2) the representation is not illegal, (3) the representation "does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation," and (4) "each affected client gives informed consent, confirmed in writing." [*See*] Model R. Prof'l Conduct 1.7(b)(1)-(4).
>
> The concern expressed through either framework is that "[a] lawyer who attempt[s] to present both sides of a dispute might fail to provide the forceful advocacy necessary for informed decisionmaking. Both the fact and appearance of justice would be at risk, and reported cases recognize as much." DEBORAH L. RHODE AND GEOFFREY C. HAZARD, JR., PROFESSIONAL RESPONSIBILITY AND REGULATION 127 (2nd ed. 2007).
>
> . . .
>
> With all of this in mind, "when a disinterested lawyer would conclude that the client should not agree to the representation under the circumstances, the lawyer involved cannot properly ask for [waiver] or provide representation on the basis of the client's consent." Miss. R. Prof'l Conduct 1.7 cmt.

Order [113] at 16-18 (quoting Model R. Prof'l Conduct 1.7(b)(1)-(4)).

Plaintiffs concede that a conflict may exist for Pottroff to represent them while concurrently representing the City of Biloxi, but they contend that this conflict is consentable. Plaintiffs' position is undermined by the language contained in their Reply, which states that

> [a]ssuming, [arguendo], there is a conflict of interest, any conflict is consentable and Plaintiffs provided informed consent on multiple occasions. ABA Model Rule 1.7(b) on informed consent provides as follows:

8

> If a lawyer reasonably believes that no client will be adversely affected, and if the representation is not prohibited by law *and does not involve one client asserting a claim against another*, the lawyer may represent conflicting interests if each affected client gives informed consent, confirmed in writing.
>
> Here, Plaintiffs provided sufficient evidence that the Wanecks gave informed consent on multiple occasions for Attorney Pottroff to represent them in this suit and the City of Biloxi in a potentially separate suit [by] CSX. (ECF No. 63-3, 63-4 and 89-3 at 12-13[)]; and confidential affidavits requested to be filed under seal. (ECF No. 116) CSX has presented no evidence that any "disinterested lawyers" might opine that the interest of a non-party and the Plaintiffs is nonconsentable. CSX's manufactured conflict of interest regarding *Attorney Pottroff's representation of the City does not foreclose the Wanecks from pursuing an action against the City of Biloxi, should they wish to in the future.*

Reply [122] at 1-3 (emphasis added).

Plaintiffs' admission that they can or may pursue a cause of action against the City of Biloxi undercuts, in the Court's view, any right to consent to Pottroff's conflict of interest which arose when he agreed to represent the City of Biloxi.[2] The crux of Model Rule 1.7 is to prevent exactly what has happened in this case.

Even if Plaintiffs could consent, "a district court is 'allowed substantial latitude in refusing waivers of conflicts of interest' for an actual conflict of interest

---

[2] Should CSXT file a third-party complaint against the City of Biloxi, Pottroff would be in the position of simultaneously representing Plaintiffs and a third-party defendant in the same litigation.

or a serious potential conflict that may arise during trial." *United States v. Jackson*, 805 F.3d 200, 202 (5th Cir. 2015) (quoting *Wheat v. United States*, 486 U.S. 153, 163 (1988)); *see also In re Am. Airlines, Inc.*, 972 F.2d 605, 611(5th Cir. 1992) (confirming that courts must be sensitive to preventing conflicts of interest, and a district court must take "measures against unethical conduct occurring in connection with any proceeding before it") (citations and quotations omitted)).

After conducting a thorough review of the parties' arguments and the record as a whole, along with relevant legal authority and the Magistrate Judge's succinct, well-reasoned opinion, the Court finds that the Magistrate Judge's Order is neither clearly erroneous nor contrary to law. Under the facts of the present case, Pottroff's decision to undertake "simultaneous representation of Plaintiffs and the City of Biloxi presents a nonconsentable conflict of interest warranting disqualification" of Robert L. Pottroff and Nathan L. Karlin of the law firm of Pottroff Law Office, PA. *See* Order [113] at 21.

C. <u>Plaintiffs' request to file affidavits of Pottroff and Plaintiffs under seal should be denied.</u>

This Court has recognized that "the public has a common law right to inspect and copy judicial records," which serves to "promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." *Anderson v. Miss. Baptist Med. Ctr.*, 3:10cv469, 2017 U.S. Dist. LEXIS 42396, at *2

(S.D. Miss. March 23, 2017) (quoting *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848-849 (5th Cir. 1993)). The party seeking to seal court documents bears the burden of demonstrating that the need for secrecy outweighs the public's right to access. *Id.*

> Pursuant to Local Rule 79, "[e]xcept as otherwise provided by statute, rule, . . . or order, all pleadings and other materials filed with the court ('court records') become a part of public record of the court[, and] [a]ny order sealing a document must include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."

*Id.* at *3 (quoting L.U.Civ.R. 79 (a)&(b)). A district court's discretion in granting a motion to seal must be "'exercised charily.'" *Id.* (quoting *Van Waeyenberghe*, 990 F.2d at 848).

Plaintiffs ask the Court to exercise its discretionary authority to allow these affidavits to be filed under seal for review in that they that contain additional facts to establish that Plaintiffs' consent was knowing. No explanation is offered for why this issue was not anticipated and submitted to the Magistrate Judge in the first instance when CSXT's Motion for disqualification was being briefed. Moreover, given the Court's finding that Pottroff's conflict of interest is nonconsentable, review of additional evidence concerning Plaintiffs' consent would be superfluous. The Court finds that this Motion should be denied.

III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Magistrate Judge's August 25, 2017, Order [113] Granting Defendant CSX Transportation, Inc.'s Motion [50] to Raise Nonconsentable Conflict of Interest Under Rule 1.7(b) of the Mississippi Rules of Professional Conduct and Disqualify Pro Hac Vice Admitted Attorney Robert L. Pottroff is adopted as the finding of this Court, as supplemented herein.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiffs' Motion [116] to File Attorney Client Privileged Documents Under Seal is **DENIED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiffs Starr Swearingen Waneck and Jimmy Lee Waneck's [114] Objections are **OVERRULLED,** and their Appeal is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Robert L. Pottroff and Nathan L. Karlin of the law firm of Pottroff Law Office, PA, are disqualified from representing Plaintiffs in this case.

**SO ORDERED AND ADJUDGED**, this the 7th day of November, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE