# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

STARR SWEARINGEN WANECK AND
AND JIMMY LEE WANECK                                                  PLAINTIFFS

v.                                                   CIVIL NO. 1:17CV106-HSO-JCG

CSX CORPORATION, ET AL.                                               DEFENDANTS

## ORDER DENYING PLAINTIFFS' MOTION [149] FOR RECONSIDERATION OF MEMORANDUM OPINION AND ORDER [146]

BEFORE THE COURT is Plaintiffs Starr Swearingen Waneck and Jimmy Lee Waneck's Motion [149] for Reconsideration of this Court's Memorandum Opinion and Order [146] Granting in Part and Denying Without Prejudice in Part Defendant CSX Transportation, Inc.'s Motion [9] to Dismiss Plaintiffs' Amended Complaint [1-1], and Granting in Part and Denying Without Prejudice in Part Defendant CSX Transportation, Inc.'s Motion [16] to Dismiss Cross-Claims [3] of Defendant Louis Ambrose, Jr. Defendant CSX Transportation, Inc., has filed a Response in Opposition [153], and the Court finds that further briefing is unnecessary. For the reasons that follow, Plaintiffs' Motion should be denied.

## I. BACKGROUND

A. Relevant Factual and Procedural Background

This matter arises out of a collision that occurred on March 7, 2017, when a charter bus, in which Plaintiffs Starr Swearingen Waneck and Jimmy Lee Waneck ("Plaintiffs") were passengers, became wedged on a railroad crossing on Main Street in Biloxi, Mississippi ("Main Street crossing"), and was struck by a freight train

operated by Defendant CSX Transportation, Inc. ("CSXT"). Am. Compl. [1-1] at 44-46. Plaintiffs were allegedly injured in the crash, and accordingly filed a Complaint on March 10, 2017, in the Circuit Court of Harrison County, Mississippi, Second Judicial District, followed by an Amended Complaint on March 20, 2017. Notice of Removal [1] at 1.

Of relevance here, the Amended Complaint advances claims against Defendant CSXT[1] as owner/operator of the train for breach of its duty to "operate a train at a speed for the then existing conditions and be prepared to slow or stop for any hazardous conditions;" failure to inspect, repair, and report unsafe crossings; intentional disregard for the safety of the traveling public; and failure to adequately man its "dispatch center" and respond to calls about the charter bus being stuck on the Main Street crossing. *Id*. at 47-53. Plaintiffs further allege that CSXT failed to properly maintain the Main Street crossing and allowed the roadway on both sides of the tracks to be paved and repaved, resulting in a severe incline or "hump," which condition was not repaired to eliminate the hazardous condition, and failed to operate its trains in such a manner as to accommodate this dangerous condition. *Id*. Defendant CSXT filed a Motion [9] to Dismiss on April 18, 2017, seeking dismissal of Plaintiffs claims against it.

---

[1] Plaintiffs' Amended Complaint also asserted claims against Defendant CSX Corporation ("CSXC"); however, on April 5, 2018, Plaintiffs filed a Notice of Dismissal of CSXC [147]. Defendant Ambrose also filed Notice of Dismissal [148] on April 5, 2018, dismissing his Cross-Claims [3] against both CSXT and CSXC.

2

On March 29, 2018, the Court entered a Memorandum Opinion and Order [146] Granting in Part and Denying Without Prejudice in Part Defendant CSXT's Motion [9], and Granting in Part and Denying Without Prejudice in Part Defendant CSXT's Motion [16] to Dismiss Cross-Claims [3] of Defendant Louis Ambrose, Jr. Order [146] at 1-16. The Court dismissed with prejudice Plaintiffs' claims against CSXT for any "improper maintenance" of the Main Street crossing on grounds that such claims were completely preempted by the Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. §§ 10101, et seq. ("ICCTA"). *Id.* at 7-13. The Court denied without prejudice CSXT's Motion to Dismiss as to Plaintiffs' claims regarding CSXT's duty to "operate a train at a speed for the then existing conditions and be prepared to slow or stop for any hazardous conditions," CSXT's alleged intentional disregard for the safety of the traveling public, and CSXT's purported failure to adequately man their "dispatch center" and respond to calls about the charter bus being stuck on the Main Street crossing. *Id.* at 13-15.

B.  Plaintiffs' Motion for Reconsideration [149]

Plaintiffs have filed a Motion [149] for Reconsideration of the Court's dismissal of their claims for "improper maintenance" of the Main Street crossing pursuant to Federal Rule of Civil Procedure 59(e). Mot. for Recons. [149] at 1-2; Mem. in Supp. [150] at 3. Plaintiffs seek reconsideration of that portion of the Order that dismissed their claims for "improper maintenance" of the Main Street crossing and argue that "CSXT has taken inconsistent positions with this Court and

3

the Surface Transportation Board ("STB") regarding the applicability of ICCTA preemption to Plaintiffs' improper maintenance claims." *Id*. Plaintiffs contend that because CSXT conceded in its filings before the STB that the facts of each case must be considered to determine whether claims are preempted by the ICCTA, the Court should reconsider and reverse its dismissal of the maintenance claims and allow the parties to proceed to discovery. *Id*. at 3-7.

CSXT filed its Response in Opposition [153] on April 25, 2018, maintaining that Plaintiffs' Motion for Reconsideration must be denied because the Court correctly held that Plaintiffs' "improper maintenance" claims "arise out of the design, construction, and configuration" of the Main Street Crossing and are therefore completely preempted by ICCTA. Resp. in Opp'n [153] at 1.

## II. DISCUSSION

A. Standard of Review

Under Federal Rule of Civil Procedure 54(b), which sets forth the appropriate standard here, "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)) (quotation omitted); *see also Stoffels ex rel. SBC Telephone Concession Plan v. SBC Communications, Inc.*, 677 F.3d 720, 727-28 (5th Cir. 2012). "Interlocutory orders, such as grants of partial summary judgment, are . . . left within the plenary power of the court that

4

rendered them to afford such relief from them as justice requires." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quotation marks and citations omitted). Plaintiffs seek review under Rule 59(e), Mem. for Recons. [150] at 3, however because the Court's Memorandum Opinion and Order is an interlocutory order, the Court is of the view that Plaintiffs' request should be reviewed under Rule 54(b).

B.  Analysis

A review of Plaintiffs' Motion reveals that Plaintiffs are simply reurging the same arguments found in their Response [33] in Opposition to CSXT's Motion to Dismiss, although they do attempt to bolster their prior arguments by referencing a document filed by CSXT with the Surface Transportation Board.

Plaintiffs have not identified any sufficient legal or factual basis for the Court to reconsider its decision, proffering conclusory assertions of errors of law and citing in support the same cases the Court previously considered in reaching its decision that Plaintiffs' "improper maintenance" claims were preempted. Further, Plaintiffs' assertion that the Court based its opinion on CSXT's position that ICCTA completely preempts the "improper maintenance" claims, such that CSXT's alleged change in position before the STB should influence the Court's decision, is misplaced. The Court followed the law in reaching its decision, not the parties' own interpretations of the law.

Finally, Plaintiffs' request to conduct discovery on the "improper maintenance" claims is not well taken. These claims were set forth in the Amended Complaint and CSXT's Motion to Dismiss was based upon preemption. This presented a purely legal question for resolution by the Court based upon the allegations contained in the Amended Complaint. Discovery is not appropriate.

After review of Plaintiffs' Motion, the pleadings, and relevant legal authority, Plaintiffs have not shown, nor has the Court detected, a sufficient legal or factual basis to revise or reverse its Memorandum Opinion and Order. Plaintiffs' Motion for Reconsideration should be denied.

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiffs Starr Swearingen Waneck and Jimmy Lee Waneck's Motion [149] for Reconsideration is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 26th day of April, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE