46410
EB

SERVICE DATE – MAY 25, 2018

SURFACE TRANSPORTATION BOARD

**PLAINTIFF'S EXHIBIT 2**

DECISION

Docket No. FD 36167

JIMMY LEE WANECK AND STARR SWEARINGEN WANECK, ET AL.—PETITION FOR DECLARATORY ORDER

Digest:[1] The Board denies a request to issue a declaratory order but provides guidance on the question of preemption concerning safety-related claims arising from a collision between a train and a bus at a railroad crossing.

Decided: May 23, 2018

Jimmy Lee Waneck and Starr Swearingen Waneck, for themselves and 58 other individuals (collectively, Petitioners), petition the Board for a declaratory order finding that 49 U.S.C. § 10501(b) does not preempt legal claims brought against railroads that fall within the categories set forth in 49 U.S.C. § 20106(b), a provision of the Federal Railway Safety Act (FRSA), 49 U.S.C. § 20101 et seq. Because the preemption question already has been presented to the U.S. District Court for the Southern District of Mississippi, which has not referred any issues to the Board, and courts have jurisdiction to decide preemption questions, the Board will deny the petition for declaratory order. The Board, however, will provide guidance on the preemption issue.

BACKGROUND

On March 7, 2017, the majority of Petitioners, totaling 50 individuals, were passengers on a tour bus traveling from Austin, Tex., to the Boomtown Casino in Biloxi, Miss., when the bus was struck by a freight train owned and operated by CSX Transportation, Inc. (CSXT), at a road crossing of CSXT's tracks in Biloxi. Petitioners state that the collision caused several fatalities and numerous life-altering injuries.

The passengers and their surviving family members filed multiple lawsuits in Mississippi and Texas state courts against CSXT, its parent company, and the tour bus operators and owners. The two primary cases are Waneck v. CSX Transportation, Inc., C.A. No. 1:17-cv-00106, which was filed in Mississippi state court; and Voigt v. CSX Transportation, Inc., C.A. No. 3:17-cv-01018, which was filed in Texas state court. As pertinent here, the plaintiffs allege that CSXT had: (1) acted negligently by not inspecting, repairing, and maintaining the crossing, (2) acted

---

[1] The digest constitutes no part of the decision of the Board but has been prepared for the convenience of the reader. It may not be cited to or relied upon as precedent. Policy Statement on Plain Language Digests in Decisions, EP 696 (STB served Sept. 2, 2010).

negligently by operating its train in a manner that did not allow the train to stop in time to avoid the collision, and (3) generally breached a federal duty of care concerning its ownership and maintenance of the crossing and the operation of its trains over the crossing.

CSXT responded by removing the Waneck case to the U.S. District Court for the Southern District of Mississippi, and the Voigt case to the U.S. District Court for the Northern District of Texas. CSXT then filed motions to dismiss in both cases, arguing before the two federal courts that the claims in the Waneck case and Voigt case are preempted by federal law.

In Voigt, CSXT argued that dismissal should be granted because all the state law tort claims were completely preempted by § 10501(b), as amended by the ICC Termination Act of 1995 (ICCTA). The plaintiffs filed a motion to have the case remanded back to state court. In denying the plaintiffs' motion, the Texas federal district court found that all the state law claims were preempted by § 10501(b) and ordered the plaintiffs to respond to CSXT's motion to dismiss. Most responded by non-suiting or dismissing the claims against CSXT, and there are no claims currently pending against CSXT in the Voigt case.

In Waneck, however, in addition to claiming § 10501(b) complete preemption as grounds for dismissal, CSXT argued that all the tort claims in the case regarding CSXT's alleged negligence, including failing to maintain the crossing and failing to operate its trains in a safe manner, are completely preempted by FRSA. In response, the plaintiffs asserted that their state law claims are preserved by § 20106(b) of FRSA.[2]

Against this backdrop, Petitioners filed their petition for declaratory order on March 5, 2018. Petitioners ask the Board to provide guidance on the interplay between § 10501(b) and § 20106(b). Petitioners note that the Board has already recognized that state tort claims grounded in Federal Railroad Administration (FRA) regulations are not preempted by § 10501(b), citing Tubbs—Pet. for Declaratory Order, FD 35792, slip op. at 7 (STB served Oct. 31, 2014), aff'd 812 F.3d 1141 (8th Cir 2015).[3] They ask the Board to affirm the Tubbs holding and further clarify that §10501(b) does not preempt state tort claims that fall into the categories listed in §20106(b) of FRSA. Beyond the preemption issues, Petitioners also ask the Board to clarify that the proper forum for determining whether the claims are actionable or are

---

[2] Section 20106(b) reads: "(1) [n]othing in this section shall be construed to preempt an action under State law seeking damages for personal injury, death, or property damage alleging that a party—(A) has failed to comply with the Federal standard of care established by a regulation or order issued by the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), covering the subject matter as provided in subsection (a) of this section; (B) has failed to comply with its own plan, rule, or standard that it created pursuant to a regulation or order issued by either of the Secretaries; or (C) has failed to comply with a State law, regulation, or order that is not incompatible with subsection (a)(2)."

[3] In Tubbs, the Board found that state law tort claims for flooding and property damage allegedly caused by the design, construction, and maintenance of a railroad line are preempted under § 10501(b), but that claims based on alleged violations of FRSA's safety regulations on drainage under railroad track are not preempted.

2

preempted by FRSA "is the court in which they are originally raised." (Pet. 15.)

CSXT filed a reply on March 26, 2018, arguing that the declaratory order request should be denied. CSXT asserts, among other things, that the Board should continue the agency's general policy of not opining on matters pending in court. It notes that preemption claims can be decided by either the courts or the Board and that no court has solicited the Board's assistance. The railroad adds that there is already precedent on the interplay between § 10501(b) and FRSA preemption and that further guidance from the Board is unnecessary.

CSXT submitted an additional filing on March 30, 2018. In that pleading, CSXT notes that the district court in the Waneck case has now ruled on the preemption issue. In its decision, the district court found that claims concerning maintenance of the track are preempted by § 10501(b) and that claims concerning how the train was operating involve FRSA, but that CSXT had yet to demonstrate that FRSA preempts such claims. Waneck v. CSX Transp., Inc., C.A. No. 1:17-cv-00106 (S.D. Miss. Mar. 29, 2018). CSXT adds that the district court was aware of the petition for declaratory order and did not find it necessary to delay its ruling pending guidance from the Board.

On April 4, 2018, Petitioners responded to CSXT's March 26 and March 30 filings. Petitioners argue that the preemption determination they seek is not moot. They assert that, although the district court has ruled on the preemption issues arising from their claims in its March 29, 2018 order, they intend to seek reconsideration of that order and that it is important for the Board to provide guidance on the proper interplay between § 10501(b) and § 20106(b).

## DISCUSSION AND CONCLUSIONS

The Board has discretionary authority under 5 U.S.C. § 554(e) and 49 U.S.C. § 1321 to issue a declaratory order to terminate a controversy or remove uncertainty. See Intercity Transp., Co. v. United States, 737 F.2d 103 (D.C. Cir. 1984); Delegation of Auth.—Declaratory Order Proceedings, 5 I.C.C. 2d 675 (1989). Here, however, the Board will decline to exercise its discretionary authority to issue a declaratory order, as explained below.

The Board notes that the first question raised by Petitioners, the interplay between preemption arising from § 10501(b) and § 20106(b) of FRSA, is part of an ongoing dispute in U.S. District Court in the Southern District in Mississippi. As the Board has explained, issues involving federal preemption under § 10501(b) can be decided either by the Board or the courts in the first instance as "both the Board and the courts have concurrent jurisdiction to determine preemption." Brookhaven Rail Terminal—Pet. For Declaratory Order, FD 35819, slip op. at 4 (STB served Aug. 28, 2014). Moreover, the district court has not referred any issues to the Board, and it can address the preemption issues presented. See City of Sammamish, Wash. – Pet. for Declaratory Order, FD 36161, slip op. at 4 (STB served Mar. 29, 2018). Further, with respect to Petitioners' FRSA-related arguments, it would be beyond the Board's purview to interpret FRSA or to opine on how § 20106(b) might apply to the claims at issue in the district court. However, the Board offers the following guidance to the court and the parties to assist in the resolution of this dispute.

3

Docket No. FD 36167

==Specifically, the Board notes that the United States Court of Appeals for the Sixth Circuit considered the interplay between § 10501(b) and FRSA preemption in Tyrrell v. Norfolk Southern Railway, 248 F.3d 517, 522 (6th Cir. 2001). The railroad there argued that § 10501(b) preempts a state regulation prescribing the clearance between tracks in a rail switching yard. Adopting the position urged by the Board as amici, the court disagreed, finding that ICCTA and FRSA must be construed in pari materia; that the FRA under FRSA exercises primary authority over rail safety; and that therefore FRSA, not § 10501(b), provides the applicable standard for assessing federal preemption of state law claims relating to rail safety. See also Iowa, Chi. & E. R.R. v. Washington Cty., Iowa, 384 F.3d 557 (8th Cir. 2004); cf. Tubbs, FD 35792, slip op. at 7 (finding tort claims alleging violations of FRSA-based regulations are not preempted by § 10501(b)). Petitioners' claims here are rail safety-related claims, stemming from a train's collision with a bus that resulted in death and injury. Thus, like the claims at issue in Tyrrell, any federal preemption questions concerning such claims are governed by what is cognizable under FRSA, including § 20106(b), not § 10501(b).==

The second question raised by Petitioners—the proper court for determining whether the claims related to this collision are actionable or are preempted by FRSA—also does not warrant the Board issuing a declaratory order. The Board is not the proper forum for deciding the extent of a court's jurisdiction. See Lopez-Elias v. Reno, 209 F.3d 788, 791 (5th Cir. 2000) (noting that the determination of a court's jurisdiction is exclusively for the court to decide); see also B&H Med., LLC v. United States, 116 Fed. Cl. 671, 682 (2014) (explaining that an agency does not have the expertise to determine a federal court's subject matter jurisdiction).

For the reasons discussed above, the petition for declaratory order will be denied.

It is ordered:

1. The petition for declaratory order is denied.

2. This decision is effective on its service date.

By the Board, Board Members Begeman and Miller.